## Battenkill Construction Company, Inc. v. Haig's, Inc., Haig Bogossian and Jean C. Bogossian

[346 A.2d 213]

No. 213-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 7, 1975

*Whalen & O'Dea,* Manchester Center, for Plaintiff.

*Charles R. Eichel, Esq.,* Manchester Center, for Defendants.

**Smith, J.** This is an action brought by the plaintiff corporation under a claimed oral contract for services and labor performed for the defendants for the construction and improvements on real estate owned by the defendants located in Winhall, Vermont.

The defendants answered the complaint of the plaintiff by a general denial. Hearing was held in the Bennington Superior Court on July 26, 1974, which resulted in a judgment for the plaintiff against Haig's, Inc. in the amount of $7,341.50, the full amount claimed by the plaintiff in its complaint, plus

interest. An appeal was duly taken to this Court, and at the time of hearing the plaintiff appeared and argued his case, with the defendant apparently content to submit its case on the written briefs.

Both sides waived findings of fact below so that the case here is presented only on the judgment.

The services performed by the plaintiff involved stone and masonry work, including the pouring of cement, as a subcontractor for Haig's, Inc. In support of its claim the plaintiff presented oral testimony of its president as well as its bookkeeper, who regularly visited the job site. Admitted as an exhibit were handwritten records of the various charges made by the plaintiff for the time and labor of its employees.

The appeal here is almost entirely based upon the matter of pleadings. Haig's, Inc. claimed that the plaintiff did not have sufficient manpower on the job so that the defendant had to assist in the cement pouring by furnishing additional labor of its own and that the plaintiff used defective workmanship in various aspects of the construction, which would have to be remedied at considerable cost to the defendant. These claims, the defendant argues, could be properly raised as a defense in the nature of a set-off under a pleading of a general denial.

During the hearing below, Haig's offered evidence as to costs incurred by assisting in the cement pouring and to the costs necessary to remedy the defective workmanship. The plaintiff objected that no counterclaim had been filed in the case. This objection was sustained by the lower court. The defendant then asserted that the evidence offered was in the nature of an offset, but the court denied the offer on the ground that offset was not set forth in the pleadings. Subsequently, the defendant moved to have the pleadings amended to conform with the proof that he wished to elicit from the witnesses. Objection was made and sustained by the court.

In its brief here Haig's first contends that the matters upon which it wished to rely were strictly defenses in whole or in part to the plaintiff's cause of action and need not have been set up as a cross-demand. It cites the case of *Rutland Sash & Door Co.* v. *Gleason*, 98 Vt. 215, 219, 126 A. 577 (1924). This Court there held in essence that a defendant could reduce the plaintiff's claimed damages by proving that the services were

unskillfully or negligently performed. The Court held, under the Practice Act in effect at that time, that matters of recoupment are admissible though not specially pleaded.

The Vermont Rules of Civil Procedure were promulgated by this Court on January 25, 1971, and took effect in July of that year, some years prior to the beginning of this action. V.R.C.P. 86(a). Rule 12(b) states, in part, "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required . . . ." Certain exceptions to this requirement are then set forth, none of which, however, are applicable to the case before us.

We now quote, in part, from V.R.C.P. 13(a):

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Again there are some exceptions to this rule, none of which are applicable to the present case. As the Reporter's Notes clearly state, Rule 13(a) makes compulsory the assertion of any counterclaim arising out of the same transaction or occurrence as an opposing claim, subject to certain exceptions. The effect of Rule 13(a) is to place the burden upon a defendant to plead any claim of this nature he may have against the plaintiff, however designated prior to the adoption of this rule, and this the defendant did not do. The decision of the lower court is sustained on this point.

The defendant next argues that even if it did not properly plead its defenses the lower court erred in not permitting it to amend its pleadings at trial to conform to the evidence under V.R.C.P. 15(b), which provides in part:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and

shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Rule 15(b), according to the Reporter's Notes, "states a more liberal and pragmatic test than that previously followed in Vermont." In effect the rule states that it should be applied freely, particularly when the "merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence [will] prejudice him in maintaining his action or defense upon the merits." The burden, then, is placed upon the objecting party to make a showing that the offered amendment will be prejudicial to him. The rule permits a continuance, if the objecting party so desires, to meet the claims alleged in the motion.

In the absence of findings of fact in the instant case, there is nothing before us to indicate that the plaintiff in this cause offered any arguments or evidence that the allowing of such motion would prejudice him. A search of the record also fails to show that such argument was advanced by the plaintiff.

The refusal of the trial court to allow the amendment offered by the defendant, under the facts and circumstances of the case before it, was not responsive to the provision of Rule 15(a) that "leave shall be freely given when justice so requires." The denial of the motion to amend by the lower court did not carry out the liberal intent of the rules and must, therefore, be reversed. *Tracy* v. *Vinton Motors, Inc.*, 130 Vt. 512, 514, 296 A.2d 269 (1972).

For the reason that the entry must be reversed and remanded, and a new hearing be given the parties, we need not consider the last argument made by the defendant relative to the amount of the judgment.

*Reversed and remanded.*