**Charles G. Campbell and Joan S. Campbell v.
George E. Dupont and Anne Dupont**

[417 A.2d 929]

No. 424-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 10, 1980

*Parker and Lamb, Ltd.*, Springfield, for Plaintiffs.

*French & Zwicker*, Brattleboro, for Defendants.

**Daley, J.** This is an appeal from an order of the Windham Superior Court that entered judgment in favor of the plaintiffs. Plaintiffs' complaint alleged record title to a lot of land, located in the Town of Jamaica, and that plaintiffs' neighbors to the south, the defendants, have staked a claim to a southerly triangular portion of the lot. Plaintiffs sought a declaration that the proper boundary line is at the southern edge of the disputed triangle, and further sought an injunction preventing defendants from using the triangle. Defendants answered, admitting the record chain of title, but denying actual ownership of the triangle by the plaintiffs. Defendants also counterclaimed for a declaration of the boundary at the northern edge of the triangle, and for an injunction against the plaintiffs. Although the judgment order does not expressly deny this counterclaim, it is a final judgment for the purposes of V.R.C.P. 54(b) because, under these circumstances, the granting of plaintiffs' claim is logically inconsistent with anything but the denial of defendants' counterclaim. Cf. *Hayes* v. *Stewart*, 23 Vt. 622, 625 (1851) (case properly in Supreme Court where judgment rendered against principal plaintiff would make inquiry into liability of nominal plaintiff "fruitless" and "absurd").

The case came on for trial before the court on September 27, 1979. By agreement of counsel, prior to calling any witnesses, the court admitted certain deeds into evidence. At this point in the proceedings, plaintiffs moved for what they alternately called "judgment on the basis of the pleadings

alone" and "summary judgment . . . allowed under Rule 56 of the Rules of Civil Procedure." Fearing that the court was treating its general admission of a record chain of title as an admission of the ultimate facts of actual legal and equitable title, defendants interposed a Rule 15(a) motion to amend their pleadings. Immediately, and from the bench, the court denied defendants' motion and granted the plaintiffs' motion. In so doing, "the court struck too soon in disposing of the case." *Bennett Estate* v. *Travelers Insurance Co.*, 138 Vt. 189, 191, 413 A.2d 1208, 1209 (1980).

The Rules mandate that "[a]ll pleadings shall be so construed as to do substantial justice." V.R.C.P. 8(f). Where a matter which the trial court feels has been technically admitted is plainly controverted, the appropriate action, absent a showing of prejudice by the opposing party, is to grant leave to amend. V.R.C.P. 15; see *Battenkill Construction Co.* v. *Haig's, Inc.*, 133 Vt. 503, 505–06, 346 A.2d 213, 215 (1975). Failure to do so is reversible error. *Id.* at 506, 346 A.2d at 215.

Furthermore, although Rule 56 does state that motion for summary judgment may be made "at any time" after the stated minimal time requirements, it is only under extraordinary circumstances that summary judgment should be granted after trial begins. *Utility Control Corp.* v. *Prince William Construction Co.*, 558 F.2d 716, 719 (4th Cir. 1977). This Court has consistently emphasized that summary judgment is not a trial and should not take the place of a trial. See, e.g., *State* v. *Heritage Realty*, 137 Vt. 425, 428–29, 407 A.2d 509, 511 (1979); *Sykas* v. *Kearns*, 135 Vt. 610, 612, 383 A.2d 621, 623 (1978); *Fonda* v. *Fay*, 131 Vt. 421, 422, 306 A.2d 97, 98 (1973) (per curiam); *Tierney* v. *Tierney*, 131 Vt. 48, 51–52, 300 A.2d 544, 547 (1972).

Finally, even had this been a normal summary judgment motion made prior to trial, the procedures below would have been wholly inadequate. Before the court can grant summary judgment, it must give the opposing party a reasonable opportunity to show the existence of a fact question. *Bennett Estate* v. *Travelers Insurance Co.*, *supra*. In this case, the defendants were given no notice of the motion, and no opportunity to demonstrate the existence of a fact question.

V.R.C.P. 56(c), 56(e). For these reasons, too, entry of judgment against them was improper. *Bennett Estate* v. *Travelers Insurance Co., supra; Utility Control Corp.* v. *Prince William Construction Co., supra.*

*Reversed and remanded.*