**Byron K. Kelly, Sr., Byron K. Kelly, Jr., and Jeffry C. Kelly v. Town of Barnard, John Genco and Ruth Genco**

[583 A.2d 614]

No. 88-268

Opinion Filed October 19, 1990

---

*Bourdon & Cullen*, Woodstock, for Plaintiffs-Appellees.

*Rexford & Kilmartin*, Newport, for Defendants-Appellants.

**Peck, J.** Defendants, John and Ruth Genco, appeal a superior court order granting summary judgment in favor of plaintiffs who claim that a road crossing defendants' property is a public road. We affirm.

On appeal, defendants, the Gencos, raise a host of challenges. The two primary claims are (1) that the trial court erred in granting summary judgment because genuine issues of material fact existed and because the legal theory applied by the court was erroneous, and (2) that not all necessary parties were joined.[1]

Plaintiffs, the Kellys, own property in the Town of Barnard. They claim that sole access to the property is by the Wheat Road, continuing as the Park Hill Road which crosses defendants' land. After the plaintiffs purchased the property, defendants told them that any use of the roads would constitute trespass, as the roads had been discontinued. Plaintiffs' initial requests to the Town to upgrade the roads or to allow them to repair the roads were denied, and this action was commenced in 1985.

Plaintiffs sought judgment declaring that Wheat Road and Park Hill Road are public roads which the Town has a duty to maintain and enjoining the Gencos from interfering with plaintiffs' use of the roads. The Town of Barnard and the Gencos were named as defendants. The central issue was whether Wheat Road and Park Hill Road were properly laid out and opened in 1816 and 1788.

Plaintiffs and the Town sought summary judgment, and both motions were initially denied; however, following plaintiffs' motion to reconsider, the trial court granted summary judgment in favor of plaintiffs, ruling that Wheat Road is a class 4 public highway and that plaintiffs and the public are entitled to use the road. An amended complaint added Park Hill Road, and the trial court granted a further motion for supplemental summary judgment, declaring that road a public highway. Plaintiffs and the Town supplemented both motions with affidavits and memoranda. The Gencos submitted no materials in response. Thereafter, the plaintiffs and the Town reached an agreement dismissing the action pertaining to the Town, and acknowledging the continuing force and effect of the two summary judgment orders declaring Wheat Road and Park Hill Road public

---

[1] Defendants also seek oral argument before this Court. Because the request was untimely, and because the Court considers the briefs adequate to determine the merits, permission to present oral argument is denied.

highways. After a teleconference hearing, the trial court made final disposition of the case by ordering that the prior summary judgment orders should be of "continuing force and effect," that all pending equitable claims were withdrawn without prejudice to the plaintiffs, and that all pending claims for damages were dismissed with prejudice. The Gencos filed a motion to alter, amend and strike orders and judgment orders. The trial court denied the motion. This appeal followed.

I.

When reviewing a motion for summary judgment, we apply the same standard the trial court used in ruling on the motion. *Morrisville Lumber Co. v. Okcuoglu*, 148 Vt. 180, 182–83, 531 A.2d 887, 888–89 (1987). To prevail, the moving party must satisfy a two-part test. It must establish that no genuine issues of material fact exist, and that the motion rests on a valid legal theory that entitles it to judgment as a matter of law. V.R.C.P. 56(c). Both in the trial court and on appeal, the moving party bears the burden of proof. *Price v. Leland*, 149 Vt. 518, 521, 546 A.2d 793, 796 (1988).

At the outset, we note that the Gencos provided the trial court with no evidence to counter the plaintiffs' affidavits in support of summary judgment. Plaintiffs filed two motions for summary judgment, both supported by affidavits and legal memoranda. Neither motion was opposed by the Gencos. "Nothing in our case law or the language of Rule 56" requires an adverse party to file an affidavit in opposition to a summary judgment motion. *Bingham v. Tenney*, 154 Vt. 96, 100, 573 A.2d 1185, 1187 (1990). However,

> [w]hen a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

V.R.C.P. 56(e); see *Gore v. Green Mountain Lakes, Inc.*, 140 Vt. 262, 266, 438 A.2d 373, 375 (1981).

A.

Defendants' first claim of error is that there existed a genuine issue as to the existence of Wheat Road and Park Hill Road and the location of the roads. They also argue that whether Wheat Road and Park Hill Road are public highways is a mixed question of law and fact and that the court engaged in fact finding when it decided the status of the roads. Therefore, they conclude, summary judgment was inappropriate. We disagree.

In both cases, the only issue which the court decided when it granted summary judgment was whether the road in question was a public highway. The court based its decisions on the following facts: (1) Wheat Road and Park Hill Road exist, and have existed since the early 19th century, and (2) Wheat Road was surveyed in 1816 and recorded in 1817, and Park Hill Road was surveyed and recorded in 1788.

At the time the court granted the motions for summary judgment it had before it the following materials:

1. affidavits from John Dutton, a surveyor who had conducted extensive boundary and highway research in the Town of Barnard, stating that he had examined the Barnard Land Records and the area of the disputed roads in 1985 and had uncovered (a) a survey of the Wheat Road dated September 17, 1816 and recorded in the Barnard Land Roads and Villages Book at Page 39 on January 1, 1817, and (b) a survey of the Park Hill Road dated September 9, 1788 and recorded in the Barnard Land Roads and Villages Book at page 5;

2. affidavits from Frank B. Lamson, a registered land surveyor in the State of Vermont, stating that (a) in 1985, he supervised a survey of the "so-called Wheat Road's" present centerline and the "so-called Park Hill Road's" present centerline; and (b) in the process of conducting the 1985 survey, he found (i) clear evidence of Wheat Road's and Park Hill Road's continued existence and (ii) that the cen-

terline of the current roadbeds closely followed, for the most part, the path of the same laid out in 1816;[2]

3. a certified copy of the September 17, 1816 survey of Wheat Road signed by the Barnard Selectmen and a certified copy of the September 9, 1788 survey of Park Hill Road also signed by the Barnard Selectmen.

4. a copy of the 1985 survey of the Wheat Road and the Park Hill Road conducted by Mr. Lamson.

These materials were evidence of the facts relied on by the court in making its decision. The only challenge to the determining facts consisted of a general denial by the Gencos of the following clause in the plaintiffs' complaint:

Plaintiffs' only access by road to [their] premises is over the "Wheat Road" or "Old Town Road," so called, (hereinafter referred to as the Wheat Road) to the Park Hill Road, so called. The Wheat Road, which lies solely within

---

[2] The defendants fire a battery of frivolous challenges at the affidavits of Lamson and Dutton. Suffice it to say that the affidavits show that the affiants were qualified to testify as to the facts the court used the affidavits to establish. Dutton, an experienced surveyor, testified as to the results of research he personally conducted. Lamson, a registered land surveyor, testified as to the results of a survey he personally supervised. The affidavits were duly sworn and notarized. Defects in other information contained in the affidavits are irrelevant since that information was not relied on by the court in its decision. See *Deary v. Evans*, 570 F. Supp. 189, 193 n.6 (D.V.I. 1983) (where an affidavit contained certain objectionable statements, the court struck those statements but considered the remainder of the affidavit); *Chambers v. McLean Trucking Co.*, 550 F. Supp. 1335, 1338 (M.D.N.C. 1981) ("In deciding the motions for summary judgment, the Court will only consider statements which these affiants have made based on their knowledge gained through their positions. It will not strike those affidavits in their entirety merely because they contain a few statements as to the affiants' understandings rather than knowledge."). Furthermore, it is not evidence of bad faith or lack of competence that the affiants modified their testimony to reflect the fact that a road originally believed to be just the Wheat Road was subsequently discovered to include portions of the Park Hill Road. Finally, we note that it is well established that "[a]bsent a motion to strike or other *timely* objection, the trial court may consider a document which fails to conform to the formal requirements of Rule 56(e)." *Williams v. Evangelical Retirement Homes*, 594 F.2d 701, 703 (8th Cir. 1979) (per curiam) (emphasis added). The first time defendants made any reference to the alleged deficiencies in the affidavits was in their motion to strike *orders* filed after both summary judgment motions were granted, after a teleconference hearing during which the final disposition of the case was discussed, and after final judgment was entered. This does not constitute a timely objection.

the Town of Barnard, also adjoins lands of Defendants John and Ruth Genco and connects with another old town highway. The Wheat Road was laid out and approved as a town highway in 1816. A survey of the Wheat Road, dated September 7, 1816 and signed by the Selectmen of the Town of Barnard, was recorded on January 1, 1817 at Page 39 of the Barnard Highway Records.

Because the plaintiffs submitted credible affidavits and documentary evidence in support of the determining facts, defendants could "not rest upon the mere allegations or denials of the adverse party's pleading," but were required to respond "by affidavits or as otherwise provided in [Rule 56] . . . set[ting] forth specific facts showing that there [was] a genuine issue for trial." V.R.C.P. 56(e); see *Gore*, 140 Vt. at 266, 438 A.2d at 375.

## B.

In order to prevail on their motion for summary judgment the plaintiffs must show that the motion rests on a valid theory of law. The defendants argue that the court applied an incorrect legal theory in deciding that Wheat Road and Park Hill Road are class 4 public roads. We disagree.

In 1816 and 1817 the procedure for the establishment of a public highway was as follows:

> [E]very highway or road which shall in future be laid out or opened, shall be actually surveyed, and a survey thereof made out, entered and recorded, in the town clerk's office, where such highway or road lies, (and for want thereof, in the proprietors' clerk's office) ascertaining the breadth, course and distance of such road.

1 Laws of Vermont, ch. XLV, § 1, at 446 (1808). In 1820 the following step was added to the procedure:

> [W]hen the selectmen of any town shall open any road, heretofore, or hereafter, laid out, they shall cause a certificate thereof, signed by them, or a major part of them, to be forthwith recorded in the town clerk's office, in such town; and the day on which such certificate is recorded, shall be taken and deemed to be the time of opening such road.

1820, ch. 6, § 2, at 22 (current version at 19 V.S.A. § 715). The court interpreted the "heretofore or hereafter" language to ap-

ply to "laid out." Thus, the 1820 additional step of certification for valid opening applies only to roads which were laid out but not opened before the change was enacted and to roads laid out after the passage of the provision. We agree with the court's interpretation.

This interpretation, however, does not end the matter. As the defendants point out, although there is evidence that Wheat Road and Park Hill Road were surveyed and laid out before 1820 there is no evidence establishing when the roads were opened. Thus, it is possible that although Wheat Road and Park Hill Road were laid out before 1820 they were not opened until after 1820. If that were the case, certification would have been required for the proper establishment of the roads as public highways. There is no evidence that either Wheat Road or Park Hill Road was ever certified.

At this juncture, the date of the opening of the contested roads is difficult to ascertain. However, evidence that the roads were opened early in the 19th century is found in Frank Lamson's affidavits which stated that in the process of conducting the 1985 survey of Wheat Road and Park Hill Road, he found "clear evidence" of the "continued existence" of the roads and that "[t]he centerline of the current roadbed[s] closely followed, for the most part, the path of the same as laid out in 1816." In *Bacon v. Boston & Maine R.R.*, 83 Vt. 421, 434, 76 A. 128, 134 (1910), we stated that "[w]here the regularity of an official act is dependent upon some coexisting or preexisting act or fact there is a presumption in favor of the doing of such act or the existence of such fact." Here, since openings subsequent to 1820 required certification, the opening of Wheat Road and Park Hill Road was regular only if it was accomplished prior to 1820. Opening prior to 1820 is thus a coexisting or preexisting fact upon which the regularity of the opening is dependent. Therefore, the court was correct in presuming that the roads were opened prior to 1820 absent evidence to the contrary.[3] Since

---

[3] Defendants argue that in *Bacon* the Court declined to apply the presumption of regularity of official acts on facts similar to the facts in this case. However, in *Bacon* the Court stated that the presumption could not be used to show that a certificate was filed where no certificate was found. Here, it is not alleged that a

there is an uncontested presumption that Wheat Road and Park Hill Road were opened prior to 1820, and since the roads were surveyed and the surveys were recorded, the court was correct in concluding that public highways were properly established.

## II.

Defendants argue that the court lacked jurisdiction to rule on plaintiffs' claim for declaratory judgment because not all necessary parties were joined. The Declaratory Judgments Act provides that

> [w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

12 V.S.A. § 4721.[4]

■ Although the Gencos raised the issue of joinder as a defense, they have not mentioned specifically a single additional party whose interest is affected by the decision in this case. Indeed, when suggesting to the Kellys that the status of the contested roads should be determined in court, the Gencos advised the Kellys to "commence an action in the Windsor Superior Court against the Town of Barnard and the Gencos." In their answer to the complaint, defendants simply stated that the plaintiffs did not join all the interested parties. In their motion to alter, amend and strike orders and judgment orders, defendants alleged that "[t]here are five known property owners whose interest in land is affected by the two court Orders of July 3, 1986 and April 30, 1987 who were not made parties," but did not explain who these five property owners are or how their interest in land is affected. There is no evidence in the record

---

certificate was filed. Rather, the presumption is applied to show that the failure to file was regular since no certificate was required.

4 Defendants also claim that 19 V.S.A. § 709 required notice to "persons owning or interested in lands through which the highway may pass or abut." 19 V.S.A. § 709 relates to 19 V.S.A. § 708, a provision for the "la[ying] out, alter[ing], reclassif[ying] or discontinu[ing]" of a highway. Plaintiffs here are merely seeking recognition that a public highway exists; therefore, § 708, and consequently § 709, do not apply.

that Wheat Road and Park Hill Road run through land other than that belonging either to the Gencos or to the Kellys. "An affected, interested person must be cited in a declaratory judgment action *when his existence and claim are evident.*" *Blanchard v. Naquin,* 428 So. 2d 926, 928 (La. Ct. App. 1983) (emphasis added). However, in the absence of any specific fact in the record indicating that there are other persons whose interests will be affected by the trial court's order we will not reverse the judgment of that court.[5] See *Trammell v. Glens Falls Indemnity Co.,* 259 Ala. 430, 436–37, 66 So. 2d 537, 542–44 (1953) (per curiam) (a declaratory judgment was valid despite the possible existence of two children whose interest would have been affected by it in the absence of any indication in the record that such children did exist). If any such person exists, he or she will not be bound by the judgment. See 12 V.S.A. § 4721; *Bills v. Wardsboro School District,* 150 Vt. 541, 545–46, 554 A.2d 673, 676 (1988).[6]

### III.

Defendants raise a variety of further challenges to the summary judgment orders, all of which are without merit.

Defendants take issue with the court's pretrial order stating that (1) no private easement claims existed, (2) plaintiffs were to file a motion for summary judgment within thirty days and (3) defendants' motion to dismiss was denied. They state that the court ordered plaintiffs to move for summary judgment improperly since Rule 56 is permissive. We do not interpret the pretrial order as requiring the plaintiffs to file a motion for

---

[5] Our reasoning here is not affected by the fact that the case was decided at summary judgment. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). There is nothing in the record which supports the Gencos' bald assertion that additional interested parties exist.

[6] The Gencos complain that "Genco and other so-called unidentified abutters or adjoiners to 'any highway' in question appeared to be irrelevant as parties." Since the Gencos, who were the identified abutters and adjoiners to the highways in question, were made defendants in the action this reproach is disingenuous. Neither the court nor the plaintiffs are responsible for the Gencos' failure to participate actively in the action after answering the complaint and moving to dismiss.

summary judgment. Either party was free to file such a motion "at any time after the expiration of 20 days from the commencement of the action." V.R.C.P. 56(a).[7]

Defendants allege that plaintiffs' motion for summary judgment did not demand "judgment for the relief to which he deems himself entitled," and that the motion was fatally deficient because it did not state against which of the defendants summary judgment was sought. The memorandum in support of the motion for summary judgment makes it clear that plaintiffs sought a declaration that Wheat Road is a public highway. The motion itself clearly identified the Town of Barnard, John Genco and Ruth Genco as the defendants.

Defendants argue that the docket entries do not reflect the receipt of the 1985 survey of Wheat Road and Park Hill Road, the 1816 survey of Wheat Road, and the 1788 survey of Park Hill Road. However, the documents were contained in the file of the case, and the defendants themselves admit that they received a copy of the 1985 survey.

■ Defendants complain of the court's reconsideration of the plaintiffs' motion for summary judgment without notice to the parties. In Vermont, "[b]efore the court can grant summary judgment, it must give the opposing party a reasonable opportunity to show the existence of a fact question." *Campbell v. Dupont*, 138 Vt. 448, 450, 417 A.2d 929, 930 (1980). Opposing parties must be given "notice of the motion" and "opportunity to demonstrate the existence of a fact question." *Id.* The Kellys filed a motion to reconsider the denial of their motion for summary judgment on May 30, 1986. Summary judgment in their favor was entered July 3, 1986. The Gencos do not contend that they did not receive a copy of the Kellys' motion to reconsider.

---

[7] There is no merit in defendants' assertion that the court, in "ordering" the Kellys to file a motion for summary judgment, decided to resolve on the basis of affidavits two material issues of fact—whether "Wheat Road was a public highway and its location in relationship to Genco, Kelly, et al." The court never made any decisions as to the location of Wheat Road in relation to Genco, Kelly, or others, since such a decision was immaterial to the only issue which the court did decide—the status of Wheat Road and Park Hill Road. That decision was a mixed question of law and fact; however, since the determinative facts were uncontested, summary judgment was appropriate.

They had over a month to "show the existence of a fact question."

■ Defendants state that granting summary judgment after a denial of a previous similar motion is inappropriate in the absence of new facts. However,

> [u]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order. Although the court might properly refuse to consider a second motion, we will not require a judge to perpetuate error or take a more roundabout way to arrive at an ultimately necessary judgment by refusing him the right to entertain a second motion for summary judgment after he has ruled once the other way.

*Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979) (citation omitted); see *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970).

■ Defendants further object to the form of the orders disposing of the case. They do not, however, allege that the orders are invalid, nor do they cite any case law to that effect. In particular, the Gencos claim that the order declaring Wheat Road a public highway does not identify Wheat Road, does not locate it in the Town of Barnard and does not relate Wheat Road to the lands of Kelly or Genco or other unidentified adjoiners and abutters. They claim that the order declaring Park Hill Road a public highway is "subject to the same objections" but is also deficient because it does not give the Kellys or the general public the right to travel the road.

The order pertaining to Wheat Road is the final paragraph of a trial court opinion which clearly identifies Wheat Road and locates it in the Town of Barnard. Since the court's decision that the road is a public highway is not affected by the particular lands through which the road runs, it is irrelevant that the order did not identify those lands. The order declaring Park Hill Road a public highway clearly locates the road in the Town of Barnard. There is no need for the order to include a provision stating that the Kellys and/or anyone else can travel on the road since such a conclusion follows from the determination that the

road is a public highway.[8] The court entered a final judgment making the orders declaring the roads public highways of continuing force and effect. The record clearly shows which roads are the subject of the court's disposition.

*Affirmed.*

---

[8] The fact that the summary judgment order did not contain findings of fact does not affect its validity. See *Crosby v. Great A & P Tea Co.*, 143 Vt. 537, 539, 468 A.2d 567, 569 (1983).