## Joan WENTWORTH v. FLETCHER ALLEN HEALTH CARE

[765 A.2d 456]

No. 99-196

July 19, 2000. Plaintiff-employee Joan Wentworth appeals the Chittenden Superior Court's orders granting defendant Fletcher Allen Health Care summary judgment on plaintiff's claims arising from her occupational injury and eventual termination from employment with defendant's predecessor, Fanny Allen Hospital. Plaintiff claims that the court erred in (1) granting defendant summary judgment where there were material facts in dispute; (2) improperly placing on her the burden of proof to establish a "suitable position" under 21 V.S.A. § 643b; (3) failing to place the burden of proof on defendant in a "mixed-motives" wrongful termination claim; (4) improperly finding that Medical Center Hospital of Vermont (MCHV) was not plaintiff's employer; and (5) failing to find that defendant's motion for summary judgment was untimely. Plaintiff also claims that the court

unreasonably denied plaintiff's motion for sanctions after defendant refused to appear for a deposition. We find no merit in plaintiff's claims of error and affirm.

Plaintiff was employed as a licensed practical nurse (LPN) at Fanny Allen Hospital for twenty years. On October 8, 1992, she injured her back while moving a patient. Plaintiff received workers' compensation benefits, underwent surgery and treatment, and returned to work on August 18, 1993, with a lifting restriction of fifty pounds maximum once per hour and forty pounds frequently. On November 5, 1993, plaintiff again injured her back moving a patient. She returned to work on December 15, 1993, with weight restrictions of fifteen pounds lower lifting and twenty pounds overhead. There was no nursing job at Fanny Allen that plaintiff could do with a weight restriction of fifteen pounds. Fanny Allen terminated plaintiff's employment, effective December 21, 1993, because she was not able to perform LPN duties.

Plaintiff inquired about other open employment positions at Fanny Allen, specifically a unit secretary. Defendant maintains that the unit secretary position required typing skills of 30 words per minute. Plaintiff disputes this contention, though she concedes that she did not possess such typing skills. Plaintiff was not hired for the unit secretary position nor any other position at Fanny Allen, nor at the MCHV, which acquired the assets of Fanny Allen on January 1, 1995, and became Fletcher Allen Health Care, Inc.

In November 1996, plaintiff brought an action against Fletcher Allen alleging four counts: (1) unlawful retaliation for filing a workers' compensation claim in violation of 21 V.S.A. § 710; (2) breach of contract; (3) emotional distress; and (4) punitive damages. Defendant moved for summary judgment on all counts in June 1998, to which both parties responded with motions. On January 14, 1999, the trial court granted defendant's motion on

the first three claims. However, despite the fact that plaintiff did not expressly plead it, the court identified a failure to reinstate claim under 21 V.S.A. § 643b(b) in plaintiff's action, and declined to grant defendant summary judgment on this or the punitive damages claim related to it.

Defendant moved to reconsider and renewed its summary judgment motion on the failure to reinstate claim in January 1999. Plaintiff opposed defendant's renewed motion and filed her own motion to reconsider. Defendant filed a reply memorandum in support of its renewed motion and in opposition to plaintiff's motion to reconsider. Plaintiff responded to this with two separate motions. On February 18, 1999, the court heard arguments by both parties on defendant's renewed motion and plaintiff's motion for sanctions against defendant for failure to produce a witness for deposition. The court granted defendant summary judgment on the reinstatement claim, as well as the related punitive damages claim. Plaintiff filed a motion to reconsider and for summary judgment, which was denied. Plaintiff appeals to this Court.[1]

---

[1] We reject defendant's argument that plaintiff's appeal is untimely filed. Both the timing and contents of plaintiff's motion for reconsideration indicate that it was, for all intents and purposes, a motion to alter or amend the judgment under V.R.C.P. 59(e), not a Rule 60(b) motion for relief from judgment. The superior court denied plaintiff's motion to reconsider on March 16, 1999, and she filed her appeal on April 13, 1999. Thus, the motion was timely filed within the thirty-day period set forth in V.R.A.P. 4. See *Murray v. St. Michael's College*, 164 Vt. 205, 208, 667 A.2d 294, 297 (1995). Additionally, plaintiff preserved her appeal on the issues disposed of in the court's January 14, 1999 order, by filing an appeal on all issues. She could not appeal the order dismissing those issues until the court had conclusively determined all of the rights of the parties and left nothing further for it to

We review a grant of summary judgment using the same standard as the superior court. *Madden v. Omega Optical, Inc.*, 165 Vt. 306, 309, 683 A.2d 386, 389 (1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, we take as true the facts alleged by the nonmoving party, see *Madden*, 165 Vt. at 309, 683 A.2d at 389, and give the nonmoving party the benefit of all reasonable doubts and inferences. See *Wilcox v. Village of Manchester Zoning Bd. of Adjustment*, 159 Vt. 193, 196, 616 A.2d 1137, 1138 (1992).

I.

Plaintiff first argues that there were material facts in dispute as to whether plaintiff could have performed the duties of the unit secretary position at Fanny Allen. Plaintiff's reinstatement claim is predicated on 21 V.S.A. § 643b(b):

> The employer of a worker disabled by an injury compensable under this chapter shall reinstate the worker when his or her inability to work ceases provided recovery occurs within two years of the onset of the disability. A worker who recovers within two years of the onset of the disability shall be reinstated in the first available position suitable for the worker given the position the worker held at the time of the injury.

It was this reinstatement claim, which plaintiff did not advance in her pleading,

that prompted the court to partially deny defendant's summary judgment motion in its January 14, 1999 order. The court initially concluded that there was an issue of material fact on whether a suitable position was available. Defendant then addressed this new claim by filing a motion to reconsider and renewed summary judgment motion, contending that the undisputed evidence demonstrated that there was no suitable position available for plaintiff within the relevant time period. Plaintiff filed three opposition memoranda in response to defendant.

In its February 18, 1999 order, the court addressed this issue. It listed the four positions that were available: (1) licensed practical nurse; (2) emergency medical technician; (3) unit secretary; and (4) pharmacy technician. It was undisputed that the first two positions were not suitable for plaintiff because each required lifting that was unsafe for her, given her weight-lifting restrictions. Plaintiff claims that the court erred in finding that no material dispute of fact existed on the issue of her suitability for the unit secretary position.[2] We disagree.

The uncontradicted evidence before the trial court at the time of its consideration of defendant's renewed summary judgment motion supported defendant's contention that typing skills of thirty words per minute were required for the unit secretary position. For example, an affidavit of Barbara Sponem, Human Resources Director at Fletcher Allen, stated that the "[u]nit [s]ecretary position at Fanny Allen required typing skills of 30 words per minute and data entry skills." Although plaintiff contends that she offered evidence that raised a material dispute of fact as to the requirements of the unit secretary position, her evidence was

---

do but execute the judgment. See *Town of Randolph v. Estate of White*, 166 Vt. 280, 283, 693 A.2d 694, 695 (1997).

[2] Plaintiff does not appeal the court's decision that plaintiff was not entitled to reinstatement to the pharmacy-technician position.

submitted *after* the court granted summary judgment. This was true despite the fact that plaintiff filed three responsive motions to defendant's renewed summary judgment motion. Given this, we simply cannot accept plaintiff's contention that she did not have adequate notice and opportunity to respond completely to defendant's motion. We will not, as the trial court would not, consider plaintiff's evidence which disputes defendant's evidence on the typing requirement for the unit-secretary position because it was filed too late. See *Fitzgerald v. Congleton*, 155 Vt. 283, 295, 583 A.2d 595, 602 (1990) (stating well-settled rule that party opposing summary judgment motion must inform trial court of legal and factual reasons why summary judgment should not be entered, and if it does not do so, and loses motion, it cannot raise such reasons on appeal).

## II.

Plaintiff also contends that the court erred in its interpretation of § 643b(b)'s suitable employment requirement. Plaintiff invites us, borrowing from our workers' compensation statute and the federal Americans with Disabilities Act, to import a "reasonable accommodation" requirement into § 643b(b) and define a suitable job as one for which the employee through training can obtain the skill required in a reasonable amount of time.

Our goal in interpreting statutes is to effect the intent of the Legislature, which we attempt to discern first by looking to the language of the statute. *State v. Wool*, 162 Vt. 342, 348, 648 A.2d 655, 659 (1994). When the meaning of a statute is plain on its face, we have no need for construction, but rather must enforce it according to its terms. See *Russell v. Armitage*, 166 Vt. 392, 403, 697 A.2d 630, 637 (1997). We, as did the trial court, decline plaintiff's invitation to so broadly interpret § 643b(b)'s requirement that the worker "shall be reinstated in the first available position suitable for the worker." Section 643b(b) does not place on the employer the responsibility to provide training to enable an applicant to meet a skill requirement. Nor does it require that the employer wait until the applicant has on her own acquired the required skill. We cannot find such responsibility in the wording of the statutue. Plaintiff's vocational rehabilitation argument does not fall within the ambit of the statute's reinstatement provision, and plaintiff's admonitions that it should, despite the absence of any statutory language so indicating, are "more appropriately presented to the Legislature than to this Court because we find the meaning of the statute to be plain on its face." *Newport Sand & Gravel Co. v. Miller Concrete Const., Inc.*, 159 Vt. 66, 71, 614 A.2d 395, 398 (1992).

## III.

Plaintiff next argues that she was wrongfully terminated, in violation of 21 V.S.A. § 710, after she suffered a workplace injury. Plaintiff argues that the court erred in relying on *Murray v. St. Michael's College*, 164 Vt. 205, 667 A.2d 294 (1995), in framing its analysis of her retaliatory-termination and discrimination claim. She contends that the court should have applied a mixed-motives analysis when she raised such a claim, and that the court erred in its failure to place the burden on defendant to prove that its action was not discriminatory in that it was related to her workplace injury and workers' compensation claims that followed.

We reject plaintiff's argument that the court should have provided a mixed-motives analysis. In a mixed-motives case, a plaintiff must initially proffer evidence that an impermissible criterion was in fact a "motivating" or "substantial" factor in the employment decision. See *de la Cruz v. New York City Human Resources Admin. Dep't of Social Services*, 82 F.3d

16, 23 (2d Cir. 1996). Once the plaintiff offers such evidence, the burden shifts to the employer to demonstrate that it would have reached the same decision even in the absence of the impermissible factor. See *id.*

Plaintiff presented no evidence that an impermissible criterion played any role in her termination. Her argument can succeed only if we accept her invitation to declare it against public policy — and thus impermissible under § 710 — to terminate an employee who is unable to carry out the duties of her position due to an occupational injury. For reasons stated below, we decline to do so.

Instead of applying a mixed-motives analysis, the trial court correctly applied the retaliatory-discharge analysis as outlined in *Murray.* Title 21 V.S.A. § 710(b) provides that "[n]o person shall discharge or discriminate against an employee from employment because such employee asserted a claim for [workers' compensation] benefits under this chapter or under the law of any state or under the United States." To withstand summary judgment on a claim that an employee was discriminated against for filing a workers' compensation claim, a plaintiff must present a prima facie case of retaliatory discrimination, which consists of four elements: (1) plaintiff was engaged in a protected activity, (2) his employer was aware of that activity, (3) he suffered adverse employment decisions, and (4) there was a causal connection between the protected activity and the adverse employment decision. See *Murray,* 164 Vt. at 210, 667 A.2d at 299. If the plaintiff succeeds in establishing a prima facie case of retaliatory discrimination, the defendant must come forward with a legitimate, nondiscriminatory reason for the conduct at issue. If the defendant articulates such a reason, then the plaintiff will be required to show that the reason was a pretext for discrimination. See *id.* If plaintiff cannot do so, then the employer is entitled to summary judgment.

The trial court thoroughly analyzed plaintiff's § 710 claim using this standard. It found that plaintiff had established the first three elements of the retaliatory discharge claim, but that, on the central question — whether there was a causal connection between plaintiff's seeking workers' compensation for her injuries and her termination — plaintiff could not meet her burden. Plaintiff does not dispute that defendant's reason for discharging her was because her injuries and weight-lifting restrictions prevented her from performing the duties required of a licensed practical nurse. She presents no argument that it was a pretext for any other established illegal motive, but contends that we should not allow such a justification to stand for public policy reasons. We decline her invitation. See *Reed v. Glynn,* 168 Vt. 504, 508, 724 A.2d 464, 466 (1998) (conflicting considerations of public policy are fundamentally for Legislature). She was not, on the evidence presented, discharged because she asserted a workers' compensation claim or for any other recognized illegal reason; therefore, § 710(b) affords her no relief. See *Lowell v. International Bus. Machs. Corp.,* 955 F. Supp. 300, 307 n.5 (D. Vt. 1997) ("Although Vermont has recognized a clear and compelling public policy against retaliatory discharge for filing a workers' compensation claim, it has not taken the additional step of finding a public policy against retaliation for work-related injuries." (citations omitted)).

Since plaintiff could not carry her burden on her retaliatory-discharge claim, she also could not meet the threshold warranting a mixed-motives analysis, as this burden is greater than the level of proof necessary to make out a pretext prima facie case. See *de la Cruz,* 83 F.3d at 23. Thus, the trial court did not err in granting summary judgment to defendant on plaintiff's § 710(b) claim.

## IV.

Plaintiff next argues that the court improperly found that MCHV was not

plaintiff's employer. Our disposition on plaintiff's § 643b(b) claim renders moot her argument that the court improperly found that MCHV was not plaintiff's employer. Regardless of the correctness of this finding, it is not material to the legal issue of whether there was a duty to reinstate plaintiff by whatever entity was identified as her employer. Moreover, we note that plaintiff was never employed by MCHV, and that her employment with Fanny Allen terminated a year before MCHV acquired the assets of Fanny Allen to become Fletcher Allen Health Care, Inc. Plaintiff has not introduced any evidence showing that MCHV was responsible for hiring employees or terminating employment at Fanny Allen. Therefore, this claim must fail.

## V.

Plaintiff next argues that the trial court abused its discretion in allowing defendant to move for summary judgment on the reinstatement claim. Abuse of discretion requires a showing that the trial court withheld its discretion entirely or exercised it for clearly untenable reasons or to a clearly untenable extent. See *Vermont Nat'l Bank v. Clark*, 156 Vt. 143, 145, 588 A.2d 621, 622 (1991). Plaintiff's claim of error is without merit.

Plaintiff's argument that defendant moved for summary judgment "after the jury had been drawn" evidently refers only to the reinstatement claim, which, as the trial court noted, was not expressly pleaded but which the court generously inferred from her original complaint. Defendant could not have been expected to respond to a claim that was not clearly alleged against it, see V.R.C.P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct."), and plaintiff cannot now take advantage of the court's largesse by arguing that defendant slept on its response and was precluded from responding to this new claim. Moreover, plaintiff's citation to *Campbell v. Dupont*,

138 Vt. 448, 450, 417 A.2d 929, 930 (1980) ("[I]t is only under extraordinary circumstances that summary judgment should be granted after trial begins."), is inapposite. In that case, trial had actually begun when the court granted the plaintiff's summary judgment motion. See *id.* at 449-50, 417 A.2d at 930. Here, as plaintiff admits, a jury had been drawn but trial had not begun; no witnesses had been called nor were the parties — at least not plaintiff — even finished with discovery. Defendant was entitled to renew its summary judgment motion on the new reinstatement claim, and, as we held earlier, the court was correct to grant it.

## VI.

Finally, plaintiff argues that the court unreasonably denied her motion for sanctions under V.R.C.P. 37 after defendant's employee, Fletcher Allen Human Resources Director Barbara Sponem, refused to appear for a deposition. Plaintiff did not move to depose Sponem, despite the fact that she was available as a potential witness early in the discovery process, until shortly before trial was to begin — more than eight months after discovery was supposed to have closed. Defendant moved for a protective order to prevent the deposition. The parties agreed to cancel the court reporter pending the court's ruling on the protective order. Two days after the scheduled deposition was to have taken place, the court allowed plaintiff to depose Sponem on the day before the jury trial was to start. Plaintiff's counsel declined, due to his belief that it would be too disruptive to his preparation for trial. Consequently, plaintiff produced no evidence to dispute Sponem's testimony that the unit secretary position required typing skills, and the court accordingly entered summary judgment on the reinstatement claim. This was plaintiff's counsel's strategic choice, and defendant will not be penalized for the consequences visited upon

plaintiff's claim as a result. Absent a showing of prejudice as a result of the court's refusal to impose sanctions for alleged discovery violations, reversal is not warranted. See *In re R.M.*, 150 Vt. 59, 64, 549 A.2d 1050, 1053 (1988).

*Affirmed.*

Motion for reargument denied November 28, 2000.