*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-396

APRIL TERM, 2011

| | | |
|---|---|---|
| John A. Burgess and Virginia Burgess | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Lamoille Unit, |
| | } | Civil Division |
| | } | |
| Lamoille Housing Project & | } | DOCKET NO. 216-8-09 Lecv |
| Town of Morristown | | |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Plaintiffs appeal pro se from the court's dismissal of their complaint against the Town of Morristown and its grant of summary judgment to defendant Lamoille Housing Project (LHP) on LHP's counterclaim. We affirm.

LHP is a tax-exempt Vermont nonprofit corporation that assists people in finding affordable housing. Plaintiffs purchased their Morristown home through LHP's Home Land Program. Under this program, the ownership of the land was severed from the ownership of the improvements. In this case, plaintiffs were conveyed title to the land and improvements by a warranty deed from the U.S. Department of Agriculture Rural Development. Plaintiffs then granted a mortgage deed to Rural Development. The mortgage encumbered both the land and the improvements. Plaintiffs then conveyed the land to LHP, retaining only the title to the improvements. Plaintiffs and LHP then executed a ground lease. This lease granted plaintiffs a leasehold interest in the land for a 99-year term subject to certain terms and conditions, including a requirement that plaintiffs pay the property taxes.

In August 2009, plaintiffs filed a complaint for declaratory judgment against defendants. Plaintiffs claimed that they were unfairly being required to pay taxes on the property, and they asked the court to declare the parties' respective rights and interests in the property. Plaintiffs also asked the court to declare that they had acquired ownership of the property by virtue of having paid property taxes. LHP filed a counterclaim, asserting that plaintiffs violated the terms of the lease agreement by, among other things, refusing to pay the property taxes on the land and the improvements. The town later moved to dismiss for lack of subject matter jurisdiction and LHP filed a motion for summary judgment. The court granted both motions.

The court concluded that plaintiffs lacked standing to assert claims against the town, that the real property at issue was tax-exempt and that their tax payments gave them an ownership interest in the land against the town. As the court explained, LHP was the record owner of the land and thus, the town had never directly caused plaintiffs to pay taxes. The real controversy over who should pay the taxes, the court explained, was between plaintiffs and LHP. The court

noted that even assuming that plaintiffs did have standing, they failed to exhaust their statutory remedies prior to filing suit. The court also rejected plaintiffs' argument that the town was a proper party because the town had some eventual interest in the outcome of the case. The court explained that plaintiffs were required to allege facts on the face of their complaint sufficient to confer standing on the parties, and subject matter jurisdiction on the court. The court found it clear from the complaint that plaintiffs were only, and ultimately, challenging the town's ability to tax the land. Having no standing to pursue such claim, the court dismissed plaintiffs' complaint against the town.

In a separate order, the court granted summary judgment to LHP. It found that the ground lease at issue allowed plaintiffs to use the leased land for residential purposes only. In return, plaintiffs agreed to pay LHP a lease fee every month. This monthly fee included, among other things, one-twelfth of the estimated real estate taxes on the property and other municipal charges. Plaintiffs also agreed in the lease to pay the portion of the lease fee attributable to all real property taxes directly to the appropriate office or entity, i.e., the town. Upon receipt of evidence of the tax payments, LHP would then credit plaintiffs for all amounts directly paid against the lease fee otherwise due.

Plaintiffs argued that their residential home should be entirely exempt from real estate taxes because LHP, a nonprofit, owned the land. Plaintiffs also argued that the taxes they paid gave them an ownership interest in the land itself, thereby extinguishing LHP's rights and presumably, extinguishing the ground lease as well. In its counterclaim, LHP argued that plaintiffs breached the terms of the ground lease by not timely paying the real estate taxes, and it asserted that plaintiffs should be compelled to comply with the lease terms.

In reaching its decision, the court acknowledged that LHP had not submitted a separate statement of facts containing specific citations to the record as required by Vermont Rule of Civil Procedure 56(c)(2). Nonetheless, the court explained that it could rely on a nonconforming summary judgment motion absent any prejudice. The court found no discernable prejudice to plaintiffs here. It explained that all of the basic facts relied upon by LHP were the facts admitted in plaintiffs' own pleadings or other filings. The only extraneous item was the copy of the ground lease, but this lease had been previously submitted to the court in LHP's earlier motions without objection. Additionally, plaintiffs had admitted to the existence of the lease in their pleadings and had referenced pertinent parts of it in a prior memo and affidavit filed with the court. Plaintiffs offered no evidence to suggest that the copy of the lease provided by LHP was not a true and accurate copy or that their signatures on the lease were not authentic. Finding the main dispute in this case legal and not factual, the court exercised its discretion and proceeded to the merits of LHP's nonconforming summary judgment motion.

On the merits, the court rejected plaintiffs' assertion that they should be exempt from paying real estate taxes simply because LHP was a nonprofit organization. The court explained that the only exemption that could conceivably apply in this case exempted "real and personal estate granted, sequestered or used for public, pious or charitable uses." 32 V.S.A. § 3802(4). To be entitled to tax-exempt status as a public use: "(1) the property must be dedicated unconditionally to public use; (2) the primary use must directly benefit an indefinite class of persons who are part of the public, and must also confer a benefit on society as a result of the benefit conferred on the persons directly served; and (3) the property must be owned and

operated on a not-for-profit basis." Am. Museum of Fly Fishing, Inc. v. Town of Manchester, 151 Vt. 103, 110 (1989). The court found, there was no "public use" where the property was indisputably used solely as a private residence. By definition, the court noted, the public was generally excluded and the community as a whole was not entitled to share in any benefits of LHP's ownership of the land itself. Finding no disputed material facts on this issue, the court granted judgment to LHP as a matter of law.

Finally, the court rejected plaintiffs' assertion that they had acquired an ownership interest in the land by paying the real estate taxes. It explained that the clear and unambiguous language of the lease required plaintiffs to pay taxes directly to the town, on behalf of LHP. If plaintiffs failed to do so, plaintiffs would be in breach of the ground lease. The undisputed facts established that plaintiffs had not been compelled to do anything beyond what was already required of them under the lease. As the court explained, a lessee does not acquire an ownership interest in land by virtue of his or her performance of the lease obligations. Plaintiffs' interest here was purely possessory. As tenants, the court found that they must comply with their lease obligations. The court issued a final and declaratory judgment to this effect, and this appeal by plaintiffs followed.

Plaintiffs challenge both decisions on appeal. They first assert that their complaint against the town was not confined solely to whether the land at issue was tax-exempt. They list a variety of other issues they would like to raise against the town. None of these issues were raised in plaintiffs' complaint, however. Instead, plaintiffs argued only that their property was tax-exempt by virtue of LHP's status as a tax-exempt organization, and they sought a declaration as to the town's right to "levy and collect" taxes on the property. No other claim was stated in the complaint or reasonably inferred from the language of the complaint. See Winfield v. State, 172 Vt. 591, 593 (2001) (on review of disposition of motion to dismiss, Supreme Court "assume[s] that all well pleaded factual allegations in the complaint are true, as well as all reasonable inferences that may be derived therefrom" (citation omitted)). Given that plaintiffs do not own the land at issue, they plainly lack standing to challenge the town's taxation of this property. Dismissal was therefore appropriate. See id. (dismissal for failure to state a claim appropriate where there are no facts or circumstances that would entitle the plaintiff to relief).

As to the court's grant of summary judgment to LHP, plaintiffs contend that they were denied notice and an opportunity for a hearing. They also argue that LHP failed to show that it was entitled to summary judgment because it failed to submit an affidavit in support of its motion and it failed to file a statement of undisputed facts. On the merits, plaintiffs suggest that issues raised in their complaint remain unresolved and unconsidered. They also reiterate their assertion that they obtained a fee interest in the land by virtue of the payments under the lease agreement, including taxes. Finally, plaintiffs raise an unjust enrichment argument for the first time on appeal.

We find no error. Plaintiffs were plainly provided notice and an opportunity to respond prior to the court's summary judgment decision. See Campbell v. Dupont, 138 Vt. 448, 450 (1980) ("Before the court can grant summary judgment, it must give the opposing party a reasonable opportunity to show the existence of a fact question."). In fact, they filed an opposition to the motion for summary judgment. The court was not required to hold a hearing prior to issuing its decision, nor was LHP obligated to submit affidavits in support of its motion.

See V.R.C.P. 56(a). It is unclear why plaintiffs would be surprised by the court's decision granting declaratory relief to LHP, as they profess in their brief, given that this was a declaratory relief action. Finally, we have specifically held that a trial court can consider a nonconforming summary judgment absent any prejudice. State v. Great Northeast Productions, Inc., 2008 VT 13, ¶ 6, 183 Vt. 579 (mem.). For the reasons stated by the trial court, there was no prejudice here.

As to the merits, the court did not decide any factual issues, as plaintiffs' suggest. The material facts here are plainly undisputed and based on these facts, LHP was entitled to judgment as a matter of law. See id. ¶ 5 (Supreme Court reviews "motion for summary judgment using the same standard as the trial court: summary judgment is appropriate only when the moving party has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law"). The court resolved the issues raised in plaintiffs' complaint. It properly rejected plaintiffs' argument that they should be exempt from paying property taxes. Plaintiffs' assertion that they somehow obtained a legal interest in the property by paying the property taxes is equally without merit. Plaintiffs offer no compelling legal support for such a claim. As recounted by the trial court, plaintiffs entered into a written agreement with LHP to lease the property and they specifically agreed to make tax payments as part of the lease arrangement. Clearly, LHP retained legal title of the property, while plaintiff gained only physical possession. See, e.g., Estate of Cook by Cook v. Gran-Aire, Inc., 513 N.W.2d 652, 656 (Wis. Ct. App. 1994) ("In a lessor-lessee relationship, the lessor relinquishes physical possession of property to the lessee, while retaining legal title to the property."). It defies reason that LHP's legal ownership rights would be extinguished by virtue of plaintiffs' compliance with the terms of this agreement. Finally, plaintiffs did not raise an unjust enrichment claim in their complaint, but even if they had, the undisputed facts would not support such claim. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."); see also Lane v. Town of Grafton, 166 Vt. 148, 153 (1997) ("Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal."). We have considered all of plaintiffs' arguments and find them all without merit. Summary judgment was properly granted to LHP.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

4