VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-01348



| Heritage Family Federal Credit Union v. Robert Brown et al |
|---|

## ENTRY REGARDING MOTION

**Title:** Motion for Summary Judgment; Motion to Set Aside Judgment; Motion to Reconsider; (Motion: 2; 5; 6)
**Filer:** Grace B. Pazdan; Grace B. Pazdan; Gary R. Kupferer
**Filed Date:** September 12, 2025; December 17, 2025; January 12, 2026

Defendant, Robert Brown, filed a *Motion to Reconsider* (Motion 6) this court's denial of Mr. Brown's *Motion to Set Aside Judgment* (Motion 5) in this foreclosure action. Plaintiff, Heritage Family Federal Credit Union, opposes the motion. For the following reasons, Mr. Brown's motion is granted. As a result of reconsideration of the *Motion to Set Aside Judgment*, the court's summary judgment order of October 30, 2025 is vacated, and Heritage Credit Union's *Motion for Summary Judgment* (Motion 2) is denied. The proceeding is reopened.

### Background

Heritage Credit Union filed this foreclosure action in March of 2025. Both Mr. Brown and co-Defendant, Frances Brown, were served and received notice of the complaint. The Browns filed their *Answer* in a timely manner under Vermont Rule of Civil Procedure Rule 12(a). The parties were referred to mediation and attended a session in August. No agreement was reached. Around five months after the Browns had filed their *Answer*, Heritage Credit Union filed for summary judgment. The *Motion for Summary Judgment* did not contain a separate concise statement of undisputed material facts. However, the Browns did not file any opposition to the motion. The court granted summary judgment. Just before Thanksgiving in November the court issued the *Clerk's Accounting* for both mortgages. By the middle of December, Mr. Brown obtained representation and filed the *Motion to Set Aside the Judgment*. Heritage Credit Union opposed the motion, and Mr. Brown's reply to the opposition was due January 13, 2026.

In the motion, Mr. Brown argued summary judgment should be vacated for excusable neglect, as he had not received notice of any court-related filings in the case since the complaint in March. Further, Heritage Credit Union's summary judgment motion did not contain the required statement of undisputed material facts and the motion had other technical deficiencies under the civil rules for foreclosure actions.

The court denied the motion the afternoon of January 12, 2026, the day before Mr. Brown's reply was due. The court found summary judgment had been appropriate for the case as the motion was unopposed, and though deficient in form, Heritage Credit Union's attached

Vermont Superior Court
Filed 03/05/26
Bennington Unit

affidavits provided the requisite information. Further, Heritage Credit Union's affidavits were sufficient for the court to reasonably conclude there were no disputed material facts.

A little while after the court denied the motion, Mr. Brown's *Reply* came into the court through the electronic filing system, with a time stamp from an initial filing earlier that morning. Mr. Brown filed this *Motion to Reconsider* the same day.

## Standard

Reconsideration motions face strict limitations and rarely warrant relief. "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A party may not relitigate the merits of the adverse decision. See *In re SP Land Company*, 2011 VT 104, 16, 190 Vt. 418 (discussing reconsideration under V.R.C.P. 59(e)). Nor is a party permitted to raise new arguments, new evidence, or new legal theories that should have been presented initially in a pre-judgment motion. See *Campbell v. Stafford*, 189 Vt. 567, 571 (2011).

## Analysis

Mr. Brown argues reconsideration is warranted, as the court could not consider the parties' full arguments when the decision was issued before the court received the final timely filing. In the *Reply*, and the *Motion to Reconsider*, Mr. Brown repeats the arguments already made in the initial *Motion to Set Aside the Judgment* regarding the technical rule violations of Heritage Credit Union's summary judgment motion, and, without direct citation, alludes to the general concepts embodied by the Vermont Rules of Civil Procedure, Rule 61, Harmless Error.

Under V.R.C.P. 61:
> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

V.R.C.P. 61. The argument, in effect, is that the court disregarded the errors and defects in Heritage Credit Union's filings. In doing so, it overlooked the design of Rule 56's procedural requirements, which protects the substantial rights of the parties. Heritage Credit Union's filing defects are grounded in failing to follow these protective requirements. Therefore, the defects here do affect the substantial rights of the parties and are not harmless error.

Heritage Credit Union filed the *Motion for Summary Judgment* more than 14 days after the Browns filed the *Answer*. This makes it a regular motion for summary judgment subject to the requirements of Rule 56. See V.R.C.P. 80.1(c) (containing special rules for summary judgment filings in foreclosure actions if made within 14 days of a defendant's answer). The purpose of Rule 56's requirements is to weed out claims that do not merit a trial. *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 405 (1995). To accomplish this, the formal requirements demand a moving party file the "separate and concise statement of undisputed material facts consisting of numbered paragraphs with specific citations to particular parts of materials in the record, including . . . admissible materials." V.R.C.P. 56(c)(1). The statement of undisputed material facts facilitates the required form of answer which includes a paragraph-by-paragraph response indicating if a fact is disputed. V.R.C.P. 56(c)(2). Combined, the two filings, and associated attachments, are designed to prevent parties from resting on undeveloped facts and prove that the case could be disposed of on the merits of the record. *Webb v. Leclair*, 2007 VT 65, ¶ 14, 182 Vt. 559. Therefore, "[b]efore the court can grant summary judgment, it must give the opposing party a reasonable opportunity to show the existence of a fact question." *Campbell v. Dupont*, 138 Vt. 448, 450 (1980).

The facilitation of a proper response under Rule 56 can be useful for pro se parties, as the formal requirements give them a template on which to defend their case. Cf. *In re Verizon Wireless Barton Permit*, 2010 VT 62, ¶ 22, 188 Vt. 262 (discussing the limits of pro se status as a shield against adverse outcomes). Without the template created by the rules, the motion does not facilitate provision of coherent evidence of a disputed material fact.

At the time of filing the motion for summary judgment, the Browns were unrepresented. Regardless of whether the Browns had received the motion,[1] Heritage Credit Union's exclusion of the statement of undisputed material facts substantially impacted the Browns' ability to respond in a manner that could withstand the motion. The procedural deficits are not harmless error, as the Browns have not had the opportunity to raise disputed material facts, limited as the current motions are by the standard for motions for reconsideration and to vacate judgment, which do not allow parties to introduce new facts or relitigate the merits. Without the reasonable opportunity to respond being facilitated by the motion, and show there was a material fact in dispute, the court could not grant summary judgment.

Therefore, on reconsideration, Mr. Brown's Motion to *Set Aside Judgment* is granted, and the case is reopened. As the reason to vacate judgment is based in errors with compliance with Rule 56 in the *Motion for Summary Judgment*, Heritage Credit Union's *Motion for Summary Judgment* is denied without prejudice. Heritage Credit Union may renew its motion at any time within 30 days of close of discovery, or this decision, whichever is longer. V.R.C.P. 56(b).

---

[1] Due to the current procedural posture of the motions, all inferences must be made in the non-moving party's favor. The admissible evidence presented by Mr. Brown, which, though it comprehensively shows the Brown's perception of the timeline of court filings, does ask the court to draw inferences outside the affidavit about why the Browns did not receive the recent filings. This is not enough for the court to reach a conclusion regarding lack of notice as it reconsiders the *Motion to Vacate*.

**Order**

Defendant's Motion 6 is granted.

Defendant's Motion 5 is granted.

The court's *Entry Regarding Motion* (Oct. 30, 2025) is vacated, and the case is reopened.

Plaintiff's Motion 2 is denied without prejudice.

**Signed electronically March 2, 2026 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**