## S. W. CURTIS *v.* CHARLES A. WATSON.

*Sale of property may include procuring conveyance of same.*

The plaintiff's declaration alleged that the defendant, being a large stockholder in that company, promised in writing to pay him the sum of two thousand dollars provided he would "do work and sell for Woodbury Granite Co. the lands and property of same for the sum of thirty thousand dollars;" that he did sell the property for that price to one Viall, notify the defendant thereof and request him to cause said property to be conveyed to said Viall, but that the defendant thereupon notified the plaintiff that the said property would not be conveyed by the said Woodbury Granite Co., and that the defendant would not accept said sum of thirty thousand dollars for the same. *Held,* that no cause of action was disclosed, for that a "sale" included not only the finding of a purchaser, but the procuring of a conveyance from the company.

Special assumpsit. Heard at the June term, 1891, upon

demurrer to the declaration, Taft, J., presiding. Demurrer overruled and declaration adjudged sufficient. The defendant excepts.

The declaration was as follows:

" On the 7th day of January, A. D. 1890, at Hardwick, in the county of Caledonia, the def. ndant in consideration that the plaintiff would work and sell for the Woodbury Granite Co. the lands and property of said company for the sum of thirty thousand dollars, the defendant then and there agreed to pay the plaintiff the sum of two thousand dollars within thirty days from the date of such sale, and the defendant then and there gave the plaintiff a writing with his hand witnessing such agreement and promise, which is in words and figures following:
'$2000.

I hereby agree to give W. S. Curtis of Randolph the sum of two thousand dollars, provided that said Curtis shall do work and sell for Woodbury Granite Co. the lands and property of the same for the sum of thirty thousand dollars cash in hand or approved paper, said amount to be paid said Curtis within thirty days from date of sale.

CHARLES A. WATSON.

Hardwick, Vt., Jan. 7, 1890.'

And the plaintiff avers that on said 7th day of January, 1890, the defendant represented to the plaintiff, that he was a large owner in the Woodbury Granite Co. and he desired to have the property of said company sold for the amount of thirty thousand dollars. Said property consisted of a large and valuable granite quarry and the defendant employed the plaintiff to work and sell the same according to the terms of the writing aforesaid.

And the plaintiff avers that he did work and sell for the Woodbury Granite Company the lands and property of the same referred to in said written agreement for the sum of thirty thousand dollars, cash in hand, to W. B. Viall and others, and afterwards on to wit: the 5th day of February, A. D. 1890, at Woodbury, in the county of Washington, he notified the defendant of the sale aforesaid, and then and there requested the defendant to cause the property of said Woodbury Granite Company to be conveyed to the said W. B. Viall; and the plaintiff further avers that the said W. B. Viall on, to wit: the 5th day of February, A. D. 1890, at Woodbury aforesaid, was ready and willing and then and there offered to pay the defendant the sum of thirty

thousand dollars cash in hand for the property aforesaid, if the defendant would receive the same; and both the plaintiff and the said W. B. Viall then and there requested the defendant to cause a conveyance of the property aforesaid of the Woodbury Granite Company to be made to the said W. B. Viall, and the plaintiff avers that the defendant then and there notified the plaintiff that the property aforesaid would not be conveyed by said Woodbury Granite Company as requested, and that the defendant would not accept or receive said sum of thirty thousand dollars for the same.

And the plaintiff avers that thirty days having long since elapsed since the plaintiff sold the property aforesaid, and gave the defendant notice thereof; yet the defendant has never paid said sum of two thousand dollars, nor any part thereof, but neglects and refuses to do so."

*Hunton & Stickney*, for the defendant.

The plaintiff had not perfected a sale of the property until he caused a conveyance thereof to be made. 2 Kent's Com. 468.

The fact that the condition precedent was a difficult or even an impossible one does not entitle the plaintiff to his money until he has performed it. 1 Chit. Pl., (6th Am. Ed.) 354; *Doughty* v. *Neal*, 1 Saund. 215; *Morsely* v. *Wood et al,* per Lord Kenyon, Ch. J.. 6 T. R. 710, 719.

*S. C. Shurtleff*, for the plaintiff.

The opinion of the court was delivered by

START, J. This cause was heard on the defendant's demurrer to the plaintiff's declaration. The declaration alleges that, on the 7th day of January, 1890, the defendant executed and delivered to the plaintiff a certain writing, as follows: "I hereby agree to give W. S. Curtis, of Randolph, the sum of two thousand dollars, provided that said Curtis shall do work and sell for Woodbury Granite Co. the lands and property of the same, for the sum of thirty thousand dollars cash in hand or approved paper, said amount to be paid said Curtis within thirty days from date of sale;" that the defendant was a large owner in the Wood-

bury Granite Company; that the plaintiff did work for the Woodbury Granite Company and sold its land and property to W. B. Viall and others for thirty thousand dollars; that the plaintiff notified the defendant of the sale and requested him to cause the property to be conveyed to said Viall; and that the defendant notified the plaintiff that the property would not be conveyed by the company.

While the plaintiff alleges in his declaration that he did sell for the Woodbury Granite Company its property, it appears from other allegations therein that he only found a party willing to purchase at the price named in the contract, and gave the defendant notice that he had a purchaser ready to take it and requested him to cause it to be conveyed. The plaintiff claims that this was a sale within the meaning of the contract, and that he is entitled to the two thousand dollars provided for therein. We think this was not such a performance of the contract by the plaintiff as entitles him to recover.

The contract provides that payment shall be made within thirty days from the date of the sale. This clearly means within thirty days after a sale of the property was perfected. It does not mean that payment was to be made within thirty days after the plaintiff found a party willing to purchase. The finding of a purchaser and notifying the defendant to cause the property to be conveyed, was not a performance of the contract on the part of the plaintiff. What the plaintiff did was of no benefit to the defendant. The defendant did not agree to pay the plaintiff for finding a purchaser, or for services that might or might not result in effecting a sale of the property. He agreed to pay two thousand dollars within thirty days after a sale of the property. The plaintiff was not selling the defendant's property. The property to be sold was owned by the Woodbury Granite Company, and it was just as essential that the plaintiff procure its assent to a sale as to find a purchaser. A part of the property was real estate, and a sale of it could not be effected without a conveyance from the com-

S. W. Curtis *v*. Charles A. Watson.

pany. It was the duty of the plaintiff to procure this convey-ance if he would avail himself of the defendant's offer. What-ever was necessary to be done to perfect a sale was to be done by the plaintiff. The defendant did not undertake to do anything in respect thereto. His undertaking was to pay for a perfected sale. He did not undertake to pay and also do a part of the work necessary to be done in order to effect a sale. The plaintiff had no right to call upon the defendant to procure a conveyance from the company. No such duty is imposed upon him by the contract, and it does not appear from the declaration that his interest in the company was such that he could control a sale of its property, nor does it appear that he had authority to convey for the company ; and the allegation in the declaration, that the plaintiff requested the defendant to *cause* the property of the company to be conveyed, would indicate that the defendant did not have such authority, and that the plaintiff so under-stood it.

The plaintiff was bound to procure a perfected sale of the lands and other property of the Woodbury Granite Company before he could rightfully claim the sum provided for in the de-fendant's offer. This he has not done. To perfect a sale of the lands owned by the Woodbury Granite Company implies a con-veyance from the company, and the procuring of such a convey-ance was as fully a part of the work to be performed by the plaintiff as if it had been particularly specified in the writing signed by the defendant. *Currier* v. *Boston and Maine Rail-road*, 34 N. H. 498 ; *Wiggin* v. *Scammon*, 27 N. H. 360.

This is not a case of failure of one party to a contract to perform his part of the contract by reason of the wrongful acts or omission of the other party. The declaration contains no al-legation that would justify the court in holding that the defend-ant took upon himself so important a part of the work of effect-ing a sale as procuring a conveyance from the company, or that he

has in any way hindered or prevented the plaintiff from perfecting a sale of the property.

*Judgment reversed; demurrer sustained; declaration adjudged insufficient; and cause remanded.*