**Donald A. FERRILL v. NORTH AMERICAN HUNTING RETRIEVER ASSOCIATION, INC.**

[795 A.2d 1208]

No. 01-047

February 25, 2002. The North American Hunting Retriever Association, Inc. ("NAHRA"), a Vermont nonprofit corporation, appeals a summary judgment ruling granting plaintiff Donald A. Ferrill access to certain corporate documents as a corporate member of NAHRA. NAHRA contends that summary judgment for plaintiff was error because NAHRA has not conferred corporate membership rights as provided under Vermont law to members of the NAHRA association. We conclude that the court erred, and accordingly we reverse and remand for further proceedings.

The essential facts are undisputed. NAHRA is a Vermont nonprofit corporation whose purpose is to, among things, promote the use and training of hunting retrievers as a conservation and management tool for wildlife resources, educate hunting retriever owners, handlers and

the public on the use and training of hunting retrievers, and encourage quality breeding and field testing of purebred hunting retrievers. When NAHRA was incorporated in 1984, Vermont statutes defined a nonprofit corporate "member" as a person with membership rights in the corporation as provided in the corporate articles of incorporation or bylaws. 11 V.S.A. § 2302(6) (1984) (repealed 1997). A nonprofit corporation was not required to have members, but if it chose *not* to have members, the law required the corporation to state that fact in its articles of incorporation. *Id.* § 2358(a). The law further required that any limitation on a member's voting rights be set forth in either the articles of incorporation or the corporate bylaws. *Id.* § 2362(a). Absent such an explicit limitation, all members were entitled by law to one vote on each matter that the corporation submitted to a vote of its members. *Id.*

NAHRA's 1984 articles of incorporation, which NAHRA has never amended, do not contain any specific provision for membership voting and do not state that the organization will not have members. The articles mention membership only in the context of how NAHRA will dispose of corporate assets, if any, upon dissolution. Specifically, the articles state, "No part of the net assets or net earnings of the North American Hunting Retriever Association shall inure to the benefit of or be paid or distributed to any officer, director, *member,* employee, or donor of the North American Hunting Retriever Association." (Emphasis added.) NAHRA has never adopted bylaws since its 1984 incorporation.

In 1998, Ferrill applied for and received an affiliation with NAHRA which the organization termed a "membership." For an annual payment of thirty-seven dollars, Ferrill was entitled to a wallet membership card, a one-year subscription to the corporation's newsletter, a NAHRA decal, a NAHRA rule book, and eligibility for discounts at NAHRA-sponsored events. NAHRA also offered an affiliation it called "Sponsor" for an annual fee of $200, which included the "membership" benefits as well as a jacket with an embroidered NAHRA patch.

In April 1999, Ferrill wrote to NAHRA asking for copies of certain corporate records, including the corporation's bylaws, articles of incorporation, minutes of the meetings of the board of directors, accounting records, financial statements, names and addresses of all NAHRA members, and other documents. Ferrill informed NAHRA that he wanted the documents to investigate the activities of NAHRA's officers and directors to determine whether they had engaged in any wrongdoing. NAHRA responded to Ferrill's request the next month, but did not provide copies of the documents he sought. NAHRA's president instead told Ferrill that the NAHRA board of directors would further consider his request if Ferrill specified in detail the wrongful conduct he suspected.

In February 2000, Ferrill commenced the present action against NAHRA in Franklin Superior Court. In his complaint, Ferrill asserted that he is a corporate member of NAHRA and is therefore entitled to inspect certain corporate records in accordance with § 16.02 of Vermont's Nonprofit Corporation Act. See 11B V.S.A. § 16.02. He asked the court to compel NAHRA to provide him with copies of the documents he previously requested and to order a meeting of NAHRA's corporate members in accordance with 11B V.S.A. § 7.03(a)(1). NAHRA promptly moved for summary judgment arguing that it has never had corporate members and therefore NAHRA was entitled to judgment as a matter of law on Ferrill's claims because only members are entitled to the relief offered by §§ 7.03(a)(1) and 16.02. Ferrill cross-moved for summary judgment, which the trial court granted. The court directed NAHRA to allow Ferrill to

inspect and copy NAHRA's records, but did not set a date or time for a NAHRA membership meeting, stating that it would do so in the future should Ferrill still seek that remedy. NAHRA appealed the judgment to this Court.

NAHRA argues that Ferrill does not fit the statutory definition of "member" because its articles of incorporation do not create members, and therefore Ferrill is not entitled to inspect and copy documents nor seek a judicially ordered membership meeting. Ferrill counters that he was entitled to summary judgment because NAHRA did not limit his membership rights in the NAHRA articles of incorporation or adopt bylaws setting forth membership limitations, both requirements under the Vermont Nonprofit Corporation Act. Ferrill argues alternatively that NAHRA must be estopped from denying him the benefits of corporate membership (i.e., voting and document inspection rights) by virtue of his affiliation with NAHRA which he believed conferred such rights. On appeal, we use the same standard to review summary judgment orders as the trial court. *Wentworth v. Fletcher Allen Health Care*, 171 Vt. 614, 616, 765 A.2d 456, 459 (2000) (mem.). If no genuine issue of material fact exists and any party is entitled to judgment as a matter of law, summary judgment is proper. V.R.C.P. 56(c)(3).

We begin by noting that the parties briefed and argued this matter under the current law applicable to Vermont nonprofit corporations. We accept this as the law of the case and do not address whether the pre-1997 law would produce a different result. Effective January 1, 1997, the Vermont Nonprofit Corporation Act modified the statutory scheme that was in effect when NAHRA incorporated in 1984. The changes include a new definition of "member," which limits "members" to those persons "who on more than one occasion, *pursuant to a provision of a corporation's articles or*

*bylaws, have the right to vote for the election of a director or directors.*" 11B V.S.A. § 1.40(21) (emphasis added). In contrast to the old statute, the law now mandates that nonprofit corporations state in their articles of incorporation *whether or not* they will have members. *Id.* § 2.02(a)(5). Thus, while the 1984 statutes arguably created default corporate membership if the corporation's articles or bylaws did not explicitly state that the nonprofit would not have members, the new scheme restricts members to those persons to whom the corporation's articles or bylaws have expressly granted voting rights. If the corporation chooses to have members, all members have the same rights and obligations with respect to voting unless the articles or bylaws "establish classes of membership with different rights or obligations." *Id.* § 6.20. The new act also recognizes that a nonprofit may have "members" who participate in the corporation's activities, but who do not have the right to vote. *Id.* § 1.40(21)(D). Such "membership" alone does not confer corporate membership with all its attendant rights, however, under the act. *Id.*

Because the statute defines a corporate member by reference to the nonprofit corporation's articles of incorporation or bylaws, a court faced with a request like Ferrill's must first construe the articles of incorporation or bylaws. A corporation's articles of incorporation are a contract between the state and the corporation and among its shareholders or members. See *State v. Delano Cmty. Dev. Corp.*, 571 N.W.2d 233, 236 (Minn. 1997); *Walden Inv. Group v. Pier 67, Inc.*, 627 P.2d 129, 131 (Wash. Ct. App. 1981). The court should therefore interpret the articles using the same rules used to construe contracts. See *Delano Cmty. Dev. Corp.*, 571 N.W.2d at 236; *Walden Inv.*, 627 P.2d at 131.

In this case, the superior court determined that Ferrill was a member of NAHRA by default because the corpora-

tion had no bylaws and NAHRA's articles of incorporation do not establish different classes of membership. The court reasoned that because his voting rights were not limited in accordance with § 6.20, "and because he has voting rights, [Ferrill] fits the statutory definition of a member of [NAHRA]." The court did not explain, however, how it reached the conclusion that Ferrill "has voting rights." The court's order does not reflect any examination or analysis of NAHRA's articles of incorporation to support the court's conclusory statement that Ferrill has voting rights in NAHRA. In view of the statutory definition of "member," the trial court erred by failing to examine the language of NAHRA's articles of incorporation according to the principles of contract construction.

Under those principles, if the written instrument is unambiguous on its face, its meaning must be determined by reference to the words used in the document itself only. *Isbrandtsen v. North Branch Corp.*, 150 Vt. 575, 578, 556 A.2d 81, 83-84 (1988). A court may inquire into the circumstances surrounding the making of the instrument to determine whether an ambiguity exists. *Id.* at 579, 556 A.2d at 84. "Ambiguity will be found where a writing in and of itself supports a different interpretation from that which appears when it is read in light of the surrounding circumstances, and both interpretations are reasonable." *Id.* Whether a contract term is ambiguous is a matter of law for the court to decide. *Id.* at 577, 556 A.2d at 83. If the court finds an ambiguity, the rules of contract construction may be used to interpret the disputed term, *id.* at 579, 556 A.2d at 85, and the term's meaning is a question for the trier of fact. *John A. Russell Corp. v. Bohlig*, 170 Vt. 12, 16, 739 A.2d 1212, 1216 (1999). In this case, a question exists about whether the term "member" as used in the articles of incorporation means corporate member or member of the NAHRA association. Because the court may take evidence of the circumstances surrounding the use of the terminology, we conclude on this record that it is appropriate to remand the matter to the trial court so it may decide the question of ambiguity in the first instance.

Ferrill nevertheless urges us to affirm the trial court's decision because NAHRA has not abided by the directives contained in the Vermont Nonprofit Corporation Act to adopt bylaws and to specify in their articles of incorporation whether NAHRA has members and what their voting rights are. He contends that sound public policy must create default membership in a nonprofit corporation like NAHRA when the nonprofit does not comply with statutory requirements. Ferrill provides no legal authority from this or other jurisdictions to support his argument on this point, however. The Vermont Legislature has not provided the remedy Ferrill seeks, and we are not persuaded that we should provide it by judicial fiat.

Accordingly, we reverse and remand to the trial court so that it may consider Ferrill's claim anew using the correct legal standard. We decline to reach Ferrill's estoppel claim because we do not have a sufficient record upon which to address the claim in view of the trial court's ruling. Should the court conclude that NAHRA's articles of incorporation do not entitle Ferrill to corporate membership, we direct the trial court to consider Ferrill's estoppel claim in the first instance.

*Reversed and remanded for further proceedings consistent with the views expressed herein.*