Maille v. The Darcy Group, Ltd., No. S1416-03 CnC  (Norton, J., June 13, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                SUPERIOR COURT

Chittenden County, ss.:                          Docket No. S1416-03 CnC

MAILLE

v.

THE DARCY GROUP, LTD.


FINDINGS OF FACT
CONCLUSIONS OF LAW
NOTICE OF DECISION


Plaintiff Scott Maille was hired as the audit function manager of defendant accounting firm, of which John F. Darcy was the chief executive officer.  Maille was hired by a December 2, 2001 offer, which Darcy drafted.  Maille seeks payment under the compensation clause of the contract that provided:

Upon assuming your duties as Audit Manager, we would pay you a base salary of $60,000 per annum and you would be eligible for our firm's bonus program. As we discussed, the bonus program is based upon the firm's profitability and your individual efforts. For the first year we would guarantee that your bonus would be not less than $5000.

Maille worked for the Darcy Group from January 1, 2002 to May, 15, 2003, when he was discharged for poor performance. The parties agree he was an employee-at-will, and thus this is not an unlawful discharge claim. Maille was paid his salary, but claims he is due $9,933, under the new client incentive program ($4,933) and the guaranteed bonus ($5000).

Basically, the new client incentive bonus was a "rainmaker" award for bringing in new clients who paid their fees based on a projected fee realization of 100%, according to the bid estimate for the "engagement," or a set fee for certain work, such as a $400 minimum fee for individual tax returns. According to the Darcy Employee Manual, which Maille relied upon but refused to sign, bonuses were not made on engagements with a realization of less than 70%, on a sliding scale of 1% for 70% to 74% to a maximum of 10% on 100% realization. Maille was informed there were no profit or bonuses for any employee in 2002. At trial, John F. Darcy testified to this. Thus, Maille was not eligible for a bonus under the employment offer of Dec. 2, 2001. He therefore turned to the manual's new client incentive provision for relief.

Maille seeks to define realization as an incentive based on standard rates compared with the fees actually generated, but he produced no credible evidence that he generated any engagements, except one, that qualified under the program, and defendant agreed that he was due $213 on that project. But defendant proved that the remainder of the claims were far below the 70% realization floor, and the firm wrote off a $2,500 loss on the tax clients alone with only a 50% retention rate for 2003.

The court will award $213 plus interest from date of discharge and deny any other damages as not proven by the preponderance of the evidence on the incentive claim.

Turning to the $5000 first year bonus, Maille demanded payment after the first year of employment but was "ignored" by the Darcy Group. He viewed the guarantee as a separate unconditional promise in the last sentence of the compensation clause. Darcy argues that the $5000 guaranteed bonus was subject to the firm's "profitability and your individual efforts" language in the second sentence of the compensation package, but it is clear from the words and structure of the compensation clause that the guarantee promise was not dependent on any contingent factors. Otherwise, why would the employer, who drafted the offer, guarantee the first year of employment calling for the payment of the $5000 "bonus?" The answer is that this was a separate, independent promise in the nature of a signing reward for coming on board to head the audit division. A reasonable interpretation of the compensation package from the expectations of both parties clearly favors Maille's interpretation.

## Conclusions of Law

Generally, the construction of a contract is a matter of law for the court. <u>Bergeron v. Boyle</u>, 2003 VT. 89. Here the court must interpret the offer according to its terms and the parties intent, with reference to the

words used in the document.  <u>Ferrill v. North American Hunting Retriever Ass'n Inc.,</u> 173 Vt. 587, 590 (2002).  There is no ambiguity in the plain language of the offer, and defendant's reliance on <u>Curtis v. Watson,</u> 64 Vt. 549 (1892), is misplaced because that case involved a contract term which was triggered by a condition precedent.  <u>Id</u>.  The owner had to convey the property before Curtis could collect a fee.  <u>Id</u>.  The condition precedent in this case was: that Maille be employed one year.  He met this condition, and he is entitled to the guaranteed $ 5000, plus interest from the date of his discharge, May 15, 2003.

Judgment is entered for plaintiff Scott Maille against the defendants in the sum of $5,213 with interest to run at 12% from May 15, 2003, to the date of payment, along with the costs incurred in this suit.  Plaintiff Maille will submit a judgment order consistent with this Order.

Dated at Burlington, Vermont_____, 2005.

_____
Judge