**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeal of Spaulding | } |
| | } |
| | }　　Docket No. 131-8-03 Vtec |
| | } |
| | } |

Decision and Order

Appellants David and Leslie Spaulding move this court to alter and amend its April 27, 2004 Decision and Order on Cross-Motions for Partial Summary Judgment. Appellee-Applicants Steven and Valerie Belanger oppose the motion to amend; the City of Montpelier did not participate in this motion. Appellants are represented by David L. Grayck; Appellee-Applicants are represented by George E. Rice, Esq.; the City of Montpelier is represented by Joseph S. McLean.

Appellee-Applicants' property is a .62-acre parcel without any street frontage, having an address at 186 Berlin Street, but actually located behind the parcel with frontage at 188 Berlin Street. As of mid-2002 the property was improved with an existing house and a 20' x 18' detached garage. In the summary judgment decision the Court noted that, because the property lacks the frontage required under the regulations, it constitutes a pre-existing, non-conforming lot under § 207.H, so that any changes to or enlargements of any buildings on the lot should have been addressed under Article 3 regarding non-conforming uses.

In 2002, the zoning Administrative Officer incorrectly issued Permit No. 2002-0093 (the ' garage permit' ) to Appellee-Applicants, treating the application as an accessory building for a permitted use, rather than as an expansion to a non-conforming use under Article 3. No party appealed to the DRB under § 404.B from the Administrative Officer's incorrect determination that the permits and procedures required were for an accessory building to a permitted use, rather than for an expansion to a non-conforming use (to which § 815.G would have applied). Nor did any party appeal the issuance of the garage permit. On summary judgment in the present appeal, the Court ruled that it also became final and may be enforced according to its terms (unless or until a subsequent permit supersedes it).

However, it is important to note that the fact that no party appealed these determinations of the Administrative Officer and they became final did not somehow transform the property into a conforming lot for the future. Rather, it is still a non-conforming lot due to its lack of frontage. Any future applications will have to be handled under the City's then-applicable provisions for nonconformities. See, 24 V.S.A. § 4303(13)-(16), as amended by 2004, No. 115, § 83 (nonconformity defined to clarify that it includes structures, uses and lots " improperly authorized as a result of error by the administrative officer." )

The garage permit granted Appellee-Applicants' application to demolish the old existing garage and to build a new garage somewhat farther from their house and closer to Appellants' property line than the existing garage had been. The new garage was proposed to measure 24' x 32' in area and 20 feet in height, and was proposed to be located 23 feet from Appellants' property line and 31½ feet from the nearest property line in the direction of Berlin Street. However, Appellee-Applicants did not construct the new garage entirely as authorized (however improperly) by the garage permit. As actually constructed, the new garage was approximately 22 feet in height, rather than the 20 feet applied for and granted in the 2002 permit.

Appellee-Applicants next applied for a permit for the as-built 22-foot height of the garage (the ' first as-built permit amendment application' ). All the participants continued to treat the subject matter as an accessory building for a permitted use. The DRB overturned the Administrative Officer's approval of this application and voided the first as-built permit amendment, because under the dimensional regulations the additional height required an additional setback amount which the DRB determined the as-built structure did not meet. This DRB decision also became final without appeal.

Thus, as of that January 2003 DRB ruling, Appellee-Applicants held an improperly authorized but final permit for a 20-foot-high garage, located 23 feet from Appellants' property line and 31½ feet from the nearest property line in the direction of Berlin Street; and they had constructed an as-built garage that violated that permit in height by approximately two feet.

Appellee-Applicants next applied for a permit amendment (the 'second as-built permit amendment' ) for the as-built 22-foot height of the garage, proposing also to remove enough of the front end of the garage to comply with the 32-foot so-called ' front' setback the DRB had stated was required for the additional two feet of height over twenty feet. In the present appeal, Appellants appealed to this Court the DRB's upholding of the Administrative Officer's grant of the second as-built permit amendment.

On summary judgment, we ruled that § 815.G does not apply to the Administrative Officer's review of an application for an accessory structure to a permitted use, and therefore denied Appellants' motion for summary judgment. We suggested that § 815.G would have applied to the DRB's review, whether of a non-conforming use application under Article 3, or of an application for conditional use or site plan review or other review within the jurisdiction of the DRB, but did not address whether the Administrative Officer should have referred the second as-built permit amendment application to the DRB for that review.

Appellants ask the Court to alter or amend that decision to grant their motion for summary judgment on Question 1 of the Statement of Questions, arguing that we have already ruled that § 815.G should have applied if the application had been handled properly, that is, if it had been referred by the Administrative Officer to the DRB for its review. They request that the Court either proceed to trial on Question 2 (whether the application and project comply with § 815.G), or remand the application to the DRB for it to consider the application under Article 3 and to apply § 815.G in that consideration.

Appellants are correct that Question 1 of the Statement of Questions was posed in terms of whether § 815.G " applies to the <u>application and project"</u> (emphasis added), and not, as the initial summary judgment decision had analyzed it[1], whether § 815.G applied to the Administrative Officer's actual (but incorrect) review of that application as an accessory structure to a permitted use. Accordingly, Appellants' Motion to Alter or Amend is GRANTED, and their Motion for Summary Judgment is also GRANTED on Question 1. Section 815.G applies to Appellee-Applicants' <u>application and project,</u> that is, to the second as-built permit amendment application, which should have been treated by the Administrative Officer as an application for an expansion to a non-conforming use or structure. Even though Article 3 was not specifically mentioned in the Statement of Questions, by asking whether § 815.G applies to the <u>application and project,</u> Appellants opened the door to the Court's consideration of all the possible ways under the ordinance that § 815.G might apply to the project.

Because it is only the second as-built permit amendment application that is before the Court in this appeal, it is important to focus on the status of the building as of the date of that application (April 10, 2003), in order to be clear about the scope of the enlargement of that non-conforming structure that was the subject of that application. As of that April 2003 application, the new garage was a permitted structure on a non-conforming lot, improperly but finally authorized by the Administrative Officer. The lot was already a non-conforming lot due to its lack of frontage. The new garage was also non-conforming due to its excess height compared to that authorized by the permit. The only expansion to the then-existing non-conforming structure sought by the second as-built permit application was the approval of the excess height over the height as authorized by the garage permit. In connection with the second as-built permit application, Appellee-Applicants also proposed to remove several feet from the end of the new garage[2] facing in the direction of Berlin Street.

While Appellants are correct that the application to keep the as-built height of the garage should have been handled by the Administrative Officer under Article 3, and should have been referred to the DRB, the procedural posture of this case is such that the Court is not in a position either to hear the merits of Question 2 of the Statement of Questions or to remand it to the DRB for the DRB to hear the merits of the application, including consideration of § 815.G. Rather, all that is appropriate for the Court to do is to vacate the DRB's upholding of the Administrative Officer's approval and to void that approval, leaving Appellee-Applicants in the position they were in as of their filing of the second as-built permit amendment application.

Accordingly, based on the foregoing, Appellants' Motion to Alter or Amend is GRANTED in Part, as to Question 1 of the Statement of Questions, and Summary Judgment is GRANTED to Appellants on Question 1 of the Statement of Questions, but Appellants' Motion to Alter or Amend is DENIED as to the relief sought with regard to Question 2 of the Statement of Questions. Rather, the DRB decision must be vacated and the matter must be remanded, not to the DRB, but to the Administrative Officer to act on the application (including any referral from the Administrative Officer to the DRB that might be appropriate) in light of the Court's decision. If Appellee-Applicants wish to withdraw their current application (which is for as-built approval of the excess height, together with removal of several feet of one end of the structure) and file a new application, they are free to do so.

This decision concludes this appeal; any subsequent appeal from any action of the Administrative Officer would be to the DRB and any appeal to this Court from the DRB's action would be a new appeal with a new docket number. Any request to waive the filing fee in any such new appeal should cite the docket number of this appeal.

Done at Barre, Vermont, this 14th day of October, 2004.

_____

Merideth Wright
Environmental Judge

### Footnotes

[1.] Because of the focus of the parties in their summary judgment memoranda, the Court had mischaracterized Question 1 as relating to whether the Administrative Officer should have applied §815.G. But it is the second as-built permit amendment application, as filed with the Administrative Officer, that is before the Court de novo. We must examine Question 1 as it was in fact posed: whether the second as-built permit application should be reviewed under §815.G. The Court declines to 'perpetuate the error' created by the original mischaracterization. See, Kelley v. Town of Barnard, 155 Vt. 296, 307 (1990).

[2.] We do not here rule on whether the new garage also was or was not non-conforming due to its lack of the additional setback on the Berlin Street side. Compare definition of lot frontage, using the phrase "lot front line abutting a street," with the definition of front yard. Article 13, Definitions.