# STATE OF VERMONT

SUPERIOR COURT                                        ENVIRONMENTAL DIVISION
Vermont Unit                                             Docket No. 143-10-13 Vtec

---

| Bove Demolition/Construction Application |
|---|

## ENTRY REGARDING MOTION

Title:           Motion to Alter/Amend or Clarify Judgment (Motion 4)
Filer:           City of Burlington
Attorney:    Kimberlee J. Sturtevant
Filed Date:  July 22, 2014

Response in Opposition filed on 08/11/2014 by Attorney Carl H. Lisman for Appellants

**The motion is DENIED.**

Applicants Richard J. Bove, Sr. and Rick Bove seek to create a new residential and commercial mixed use development on what are currently two parcels of land in the City of Burlington, Vermont. The property line currently separating the two parcels is also the boundary line between the Residential High Density Zoning District (the RH District) and the Downtown Transition Zoning District (the DT District). The proposed development would include the merger of the two lots into a single lot. Applicants filed a motion for partial summary judgment regarding interpretation of the City of Burlington Comprehensive Development Ordinance (CDO); the motion addressed the zoning district setback which requires structures in the DT District "be setback a minimum of 15-feet from any property line that abuts a residential zoning district." On July 1, 2014, the Court denied the motion but concluded that by the plain language of the CDO the district boundary is measured from a property line and not the district boundary line after the property line was removed through merger. In re Bove Demolition/Construction Application, No. 143-10-13 Vtec, slip op. at 4–5 (Vt. Super. Ct. Envtl. Div. July 1, 2014) (Walsh, J.). The City of Burlington (the City) now moves to alter or amend that decision. Applicants oppose the motion as untimely and as incorrect in substance.

First, regarding the timing of the motion, Applicants are right that if the City sought to alter or amend a final judgment pursuant to Vermont Rule of Civil Procedure 59(e), it would have had to file its motion within 10 days of the decision. Because our denial of Applicants' motion for partial summary judgment was <u>not</u> a final judgment in this proceeding, the motion to alter or amend is more properly considered one under Civil Rule 54(b). Rule 54(b) states in pertinent part:

In the absence of [final] determination and direction, <u>any order</u> or other form of decision, however designated, <u>which adjudicates fewer than all the claims</u> or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and <u>the order</u> or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

V.R.C.P. 54(b) (emphasis added).  This also comports with the Court's inherent power to modify a prior interlocutory order.  <u>Kelly v. Town of Barnard</u>, 155 Vt. 296, 307 (1990) ("[U]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order.").  Because the Court retains jurisdiction to consider the City's motion to alter or amend beyond the period for filing a Rule 59(e) motion, we will not deny the City's motion because it was filed more than 10 days after our July 1, 2014 Decision.

In considering the substance of the City's motion, we apply the same legal standard to motions to alter or amend an interlocutory order as we do to Rule 59(e) motions.  That is, "we will only grant a motion to reconsider a decision that does not conclude a case if it is necessary to correct manifest errors or if [it] must be granted to either allow a party to disclose newly discovered evidence or to take advantage of intervening changes in the controlling law."  <u>In re Bennington Wal-Mart Demolition/Construction Permit</u>, No. 158-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.) (citing <u>Drumheller v. Drumheller</u>, 2009 VT 23, ¶ 29, 185 Vt. 417).

In its motion, the City presents nothing beyond a re-argument of the points it raised in opposition to Applicant's motion for partial summary judgment.  First, the City cites no change in law or fact to support the motion.  Second, the only manifest error of law or fact that the City suggests is that the Court's interpretation of the CDO leads to irrational results.  The Court fully addressed this argument in the July 1 decision.  As we stated in greater detail there, the Court cannot re-write the CDO in order to adopt the City's interpretation, which is contrary to the CDO's plain language.  Both the definition of "setback" and the specific provisions of the district boundary setback plainly state that a setback is measured from a property line.  The City's position that the setback remains absent a property line contradicts this plain language.  It is the City, through its legislative process, and not this Court, that has authority to amend the CDO.

The City also asks for clarification regarding the location of the zoning district boundary following our July 1, 2014 decision.  A landowner cannot unilaterally change any aspect of the CDO and our July 1, 2014 decision does not lead to that result.  The district boundary line separating the RH and DT districts exists as shown on the official zoning map until that map is amended through the legislative process.  Thus, if the two lots at issue are merged into a single lot, a portion of that lot will be located within the RH district and subject to the requirements of that district unless the CDO states otherwise.  A portion of that single lot will also be located within the DT District and that portion is subject to the CDO provisions applicable to the DT district.  The new lot is also subject to the zoning district setback, measured from <u>a property line</u> abutting a residential district, as described in our July 1, 2014 decision.  Again, Applicants cannot unilaterally escape requirements of the CDO by moving the property line.  Because the

CDO explicitly defines a setback as being measured from a property line, however, that setback cannot be measured from the district boundary line when that district line does not follow a property line.

For the reasons stated above the City's motion to alter or amend our July 1, 2014 decision on Applicants' motion for partial summary judgment is **DENIED**.

Electronically signed on August 21, 2014 at 01:23 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Carl H. Lisman (ERN 3882), Attorney for Appellant Richard J. Bove
Carl H. Lisman (ERN 3882), Attorney for Appellant Rick Bove
Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person City of Burlington