# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                       Docket Nos. 173-12-13 Vtec
                                                       & 147-10-13 Vtec

---

### Killington Resort Parking Project Act 250 Amend

### Killington Village Master Plan Act 250 Application

---

## ENTRY REGARDING MOTION

Title:          Motion for Interlocutory Appeal
Filer:          Stephen Durkee et al.
Attorney:       Nathan H. Stearns
Filed Date:     August 19, 2014

Response in Opposition filed on 09/09/2014 by Attorney Christopher D. Roy for Appellee Killington/Pico Ski Resort Partners
Reply filed on 09/23/2014 by Attorney Nathan H. Stearns for Appellant Killington Village Prop. Inc.

**The motion is DENIED.**

Stephen Durkee, as an individual and on behalf of several entities he owns (collectively "Appellants"), appeals a decision of the District # 1 Environmental Commission approving a parking area and additional improvements at the Killington ski resort in Killington, Vermont. Project applicant, SP Land Company, LLC, moved to deny Mr. Durkee and the Durkee entities party status under certain Act 250 Criteria. In its August 6, 2014 decision, the Court denied party status to Mr. Durkee and all the Durkee entities under Act 250 Criterion 9(K). Criterion 9(K) provides that a permit will be granted when an applicant shows that the development will not "unnecessarily or unreasonable endanger" a public or quasi-public investment or "materially jeopardize or interfere with" the public use or enjoyment of that public investment. 10 V.S.A. § 6086(a)(9)(K). Mr. Durkee and the Durkee entities now request permission to file an interlocutory appeal of that decision with the Vermont Supreme Court, pursuant to Vermont Rule of Appellate Procedure 5.

Rule 5 of the Vermont Rules of Appellate Procedure (V.R.A.P.) governs appeals before final judgment. It provides that on a motion by a party the trial court "must permit an appeal from an interlocutory order or ruling if the court finds that: (A) the order or ruling involves a controlling question of law about which there exists substantial ground for difference of

1

opinion; and (B) an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1).

It is rarely appropriate to grant a request for an interlocutory appeal, however, as such appeals force our Supreme Court to decide "legal questions in a vacuum, without benefit of factual findings" and "impair [the Supreme] Court's basic functions of correctly interpreting the law and providing justice for all litigants." In re Pyramid Co. of Burlington, 141 Vt. 294, 301 (1982). Under V.R.A.P. 5(b), a party is therefore entitled to permission to appeal an interlocutory order of this Court if we reach three conclusions: (1) the order "involves a controlling question of law;" (2) the question of law is one in which "there is substantial ground for difference of opinion;" and (3) "an immediate appeal may materially advance the termination of the litigation." The failure to satisfy any one of these criteria renders an interlocutory appeal inappropriate. See id. at 302.

We conclude that an interlocutory appeal here will not materially advance this litigation towards its ultimate completion. Appellants were not denied party status all together and considerable questions remain that must go to trial. Thus, an interlocutory appeal solely concerning party status under Criterion 9(K) will not bring about a final resolution. "An interlocutory appeal is proper only if it may advance the *ultimate* termination of a case." Id. at 305. We have reviewed again the facts that Appellants put forward in support of their request for party status under Criterion 9(K), as well as the facts the District Commission relied on in granting them that status. We continue to believe that those facts are insufficient to support Appellants' requested party status under 9(K), even though we concluded that such facts are sufficient to support Appellants' request for party status under Criterion 5 as it relates to the roads. Appellants will have an opportunity to put on such evidence relating to Criterion 5 at trial.

Our determination was and is based on Appellants' failure to meet the higher standard for party status under Criterion 9(K). Furthermore, Appellants did not establish a connection between the proposed development and a possible impact on the public forests in the vicinity sufficient to establish even a reasonable possibility that an interest under Criterion 9(K) may be affected, particularly in light of the specific projects proposed in this application.

Interlocutory orders that do not resolve a case are subject to revision by a trial court until entry of final judgment. Kelly v. Town of Barnard, 155 Vt. 296, 307 (1990) ("[U]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order."). The Court is thus able, if the evidence admitted at trial supports doing so, to revisit our decision on Appellants' status under Criterion 9(K). We only intend to do so if the facts presented support both reconsideration and reversal of our prior determination.

Additionally, there is a strong possibility that this Court's trial decision on the remaining issues will be appealed to the Vermont Supreme Court. On appeal, the Supreme Court will likely be called upon to address the issue of party status under Criterion 9(K) along with the merits of the case. Therefore, an interlocutory appeal on this limited legal question would not greatly affect the upcoming trial, but would cause significant delay and result in a "piecemeal appeal" which the courts greatly disfavor. Pyramid Co. of Burlington, 141 Vt. at 305–06.

Because we conclude that an interlocutory appeal of Appellants' party status under Criterion 9(K) will not materially advance the termination of the litigation, the motion to take an interlocutory appeal on that issue is **DENIED**.

Electronically signed on October 21, 2014 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:

Nathan H. Stearns (ERN 3585) and C. Daniel Hershenson (ERN 3586), Attorneys for Appellants Stephen Durkee, Mountainside Properties, Inc., Mountainside Development, Inc., Fireside Properties, LLC, and Killington Village Prop. Inc.

Christopher D. Roy (ERN 1352), Attorney for Appellee Killington/Pico Ski Resort Partner

Jon S. Readnour (ERN 2166), Attorney for Interested Person Pinnacle Condo. Association, Inc.

Gregory J. Boulbol (ERN 1712), Attorney for Interested Person Natural Resources Board

Jon Groveman (ERN 5336) and Elizabeth Lord (ERN 4256), Attorneys for Interested Person Vermont Agency of Natural Resources