STATE OF VERMONT

Docket No. 49-5-16 Vtec

| Harrison Conditional Use |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal ZBA Conditional Use (49-5-16 Vtec)

Title:          Motion for Reconsideration (Motion 2)
Filer:          James and Janet Harrison
Attorney:       Christopher D. Roy
Filed Date:     March 2, 2017

Response filed on 03/17/2017 by Attorney Andrew H. Montroll for Appellant William A. Mraz
          Opposition

**The Clerk shall schedule a MOTION HEARING.**

Two days before the trial in this matter, Appellant William A. Mraz (Appellant or Mr. Mraz) filed a motion to amend his Statement of Questions in an appeal of a conditional use permit and site plan approval granted in favor of James and Janet Harrison (the Harrisons or Applicants) for a proposed rock and sand quarry in Georgia, Vermont. In the motion, Mr. Mraz sought to amend his Statement of Questions by adding two questions related to steep slopes and setbacks.[1] The Court granted that motion on the record at the first day of trial. The Harrisons now ask the Court in a post-trial motion filed March 2, 2017 to reconsider that decision. Mr. Mraz responded in opposition to the motion on March 17, 2017.

The Harrisons are represented by Christopher D. Roy, Esq. Mr. Mraz is represented by Andrew H. Montroll, Esq. The Town of Georgia is participating as an interested party and is represented by Joseph S. McLean, Esq. Sandra C. Read is also participating as an interested party, and is self-represented. Neither the Town nor Ms. Read responded to the Harrisons' motion to reconsider.

Mr. Mraz's appeal of the conditional use permit approved by the Town of Georgia Zoning Board of Adjustment (ZBA) was assigned Docket No. 49-5-16 Vtec. It has been coordinated with his appeal of the Town of Georgia Planning Commission's site plan approval, which was assigned Docket No. 95-8-16. The Harrisons' motion to reconsider concerns only the conditional use permit appeal.

---

[1] Mr. Mraz's motion seeks to add Questions 5 and 6 to the Statement of Questions in his appeal of the conditional use permit granted by the Town of Georgia Zoning Board of Adjustment. Question 5 asks whether any portion of the proposed roads will be developed in areas with slopes of 25% or greater. See Town of Georgia Zoning Regulations § 5.9(A) Table 5.9. Question 6 asks whether the proposed development, particularly the portion near VT Route 104A, meets all setback requirements. Id. at § 2.3(A) Table 2.3(c).

This Court has both explicit and inherent power to address motions to reconsider interlocutory orders or decisions that do not conclude a case. V.R.C.P. 54(b) (An order that "adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 3-4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.) (Citing Kelly v. Town of Barnard, 155 Vt. 296, 307 (1990) ("[U]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order.") (quoting Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1121 (10th Cir. 1979))).

The legal standard applicable to ruling on a Rule 54(b) motion to alter or amend an interlocutory decision is the same standard applicable to ruling on a Rule 59(e) motion to alter or amend a final judgment. Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec at 4 (Aug. 17, 2012). Under either rule, altering or amending an order or decision is an extraordinary remedy. Id. Accordingly, the Court will only grant a motion to reconsider a decision that does not conclude a case if it is necessary either (1) "to correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; or (4) to respond to an "intervening change in the controlling law." See 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2810.1; Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule."); see also In re Zaremba Group Act 250 Permit, No. 36-3-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.) (reviewing Rule 59(e) motion using the four factors outlined in the federal rule).

Here, the Harrisons and Mr. Mraz presented new information to the Court in their post-trial filings related to whether Mr. Mraz should have been permitted to amend his Statement of Questions. Based on this, the Court is concerned that allowing the 11th hour amendment to the Statement of Questions Harrisons may have prejudiced the Harrisons' case. Therefore, the Court will hold a hearing related to both the timing and substance of the Appellant's January 23, 2017 motion to amend the Statement of Questions.

The Court seeks clarity on the parties' representations in the Appellee/Permittees' Motion to Reconsider Belated Amendment of Statement of Questions and Appellant's Opposition to Appellees/Permittees' Motion to Reconsider Amendment of Statement of Questions. At the hearing, the parties should present evidence to support their factual contentions and also provide legal arguments.

So ordered. **The Clerk shall schedule a MOTION HEARING for 1 hour.**
See enclosed notice.

Electronically signed on March 22, 2017 at 03:52 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Andrew H. Montroll (ERN 5290), Attorney for Appellant William A. Mraz
Christopher D. Roy (ERN 1352), Attorney for Appellee James Harrison
Christopher D. Roy (ERN 1352), Attorney for Appellee Janet Harrison
Joseph S. McLean (ERN 2100), Attorney for Interested Person Town of Georgia
Interested Person Sandra C. Read