STATE OF VERMONT

Docket No. 49-5-16 Vtec

| Harrison Conditional Use |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal ZBA Conditional Use (49-5-16 Vtec) Count 1, Municipal ZBA Conditional Use (49-5-16 Vtec)

Title:          Motion for Reconsideration (Motion 2)
Filer:          James and Janet Harrison
Attorney:       Christopher D. Roy
Filed Date:     March 2, 2017

Response filed on 03/17/2017 by Attorney Andrew H. Montroll for Appellant William A. Mraz
          Opposition
Response filed on 03/31/2017 by Attorney Christopher D. Roy for Appellees James and Janet
Harrison Reply

**The motion is GRANTED.**

Two days before trial, Appellant William A. Mraz (Mr. Mraz or Appellant) filed a motion to amend his Statement of Questions in this appeal of a conditional use permit for a rock and sand quarry in Georgia, Vermont. Appellant sought to add two questions related to steep slopes and setbacks. The Court verbally granted the motion on the record at the outset of the trial, which was held on January 25 and 26, 2017 in the Franklin County Civil Division in St. Albans, Vermont. The amended Statement of Questions added Question 5, which asks whether any portion of the proposed roads will be developed in areas with slopes of 25% or greater; and Question 6, which asks whether the proposed development, particularly the portion near VT Route 104A, meets all setback requirements.

Following the trial, the Applicants, James and Janet Harrison (the Harrisons or Applicants), filed a motion on March 2, 2017 asking the Court to reconsider its decision to amend the Statement of Questions. Mr. Mraz responded in opposition to the motion on March 17, 2017, and the Harrisons replied in further support of their motion on March 31, 2017. The Court held a hearing on the Harrisons' motion to reconsider on April 3, 2017 in the Costello Courthouse in Burlington, Vermont.

The Court has both explicit and inherent power to address motions to reconsider interlocutory orders or decisions that do not conclude a case. V.R.C.P. 54(b) (An order that "adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); Kelly v. Town of Barnard, 155 Vt. 296, 307 (1990) ("[U]ntil

final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order.") (quoting <u>Lindsey v. Dayton-Hudson Corp.</u>, 592 F.2d 1118, 1121 (10th Cir. 1979)).

The legal standard applicable to ruling on a Rule 54(b) motion to alter or amend an interlocutory decision is the same standard applicable to ruling on a Rule 59(e) motion to alter or amend a final judgment. <u>In re Bennington Wal-Mart Demolition/Constr. Permit</u>, No. 158-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.) . Under either rule, altering or amending an order or decision is an extraordinary remedy. <u>Id</u>. Accordingly, the Court will only grant a motion to reconsider a decision that does not conclude a case if it is necessary either (1) "to correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; or (4) to respond to an "intervening change in the controlling law." See 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2810.1; <u>Drumheller v. Drumheller</u>, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule."); see also <u>In re Zaremba Group Act 250 Permit</u>, No. 36-3-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.) (reviewing Rule 59(e) motion using the four factors outlined in the federal rule). This motion presents the need to correct manifest errors of law and fact.

Like a pleading, a Statement of Questions serves to limit the issues heard on appeal. Statements may not be amended unless ordered by the Court.[*] The Court generally takes a liberal view in granting such motions, preferring to resolve cases based on the merits rather than procedural concerns. <u>Buchwald Home Occupation CU Permit</u>, Docket No. 181-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 1, 2014) (Walsh, J.). But the Court must also guard against undue delay or bad faith by the moving party, futile amendments, and prejudice to the other parties. <u>Id</u>. (citing <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 4, 184 Vt. 1).

In granting the motion to amend the Statement of Questions, the Court determined there was no bad faith by the Appellant, and the new questions were not futile. Mr. Mraz asserted that the evidence to be offered on the two new questions was largely the same evidence to be offered for the already existing questions. To mitigate any prejudice to the Applicants, the Court offered to give them and the Town of Georgia more time to address the new questions by allowing additional time for discovery and the option to continue the trial. Neither the Harrisons nor the Town requested additional time to respond to the questions.

The Court had only a modicum of evidence on which to base its decision to allow the amendments to the statement. Prior to the trial, the Harrisons did not respond to Mr. Mraz's motion to amend, possibly because there was not enough time. At trial, while the Harrisons objected to the amendment and argued that it would be prejudicial to their case, they provided scant details to support their contention. In their motion to reconsider, however, the Harrisons

---

[*] The Environment Rules require an appellant to file a Statement of Questions within 20 days of filing a notice of appeal. V.R.E.C.P. 5(f). Following the initial submission, the Rules allow a statement of questions to be amended by order of the court. See <u>id</u>. ("The appellant may not raise any question on the appeal not presented in the statement as filed, unless otherwise ordered by the court in a pretrial order entered pursuant to subdivision (d) of Rule 2.").

provide specific reasons for finding prejudice and also offered that Mr. Mraz's delay in bringing forward the two new questions was not justified.

In addition to underscoring the timing of Mr. Mraz's amendment request—which came more than seven months after the original Statement of Questions was filed and one month after completion of discovery—the Harrisons assert that Mr. Mraz should have discovered the steep slope and setback issues prior to two days before trial. The Harrisons point out that Mr. Mraz's only explanation for the delay was "a closer examination of the Applicant's proposed development plans." According to the Harrisons, Mr. Mraz's examination could (and should) have taken place when the Project was before the Town of Georgia Zoning Board of Adjustment or much earlier in the proceedings before the Court. They further argue that the issues related to the setback and slope provisions were amenable to motion practice, an avenue which the Applicants were denied since the amendment was sought and granted just before the trial commenced. In fact, the Applicants argue that the amendment contradicted the parties' agreement dating to August 2016—acknowledged in the Court's initial Scheduling Order—in which they decided the issues on appeal were not amenable to motion practice. Additionally, the Applicants argue that they were not given proper notice to allow them an opportunity to modify the proposed project in an effort to resolve Mr. Mraz's concerns.

Mr. Mraz argues that he did not determine that the Project might violate the Town's steep slope and setback requirements because the decisions by the Town of Georgia Zoning Board of Adjustment (ZBA) and Planning Commission "make virtually no mention or discussion of slopes or setback." He also claims the site plans that were provided to interested parties only labeled the slopes of the completed access road and not the existing topography. Additionally, Mr. Mraz alleges that despite requests on November 11, 2016 and December 21, 2016, the Harrisons failed to provide copies of their experts' reports until January 10, 2017—just two weeks before trial. Finally, the Vermont Agency of Transportation did not approve the Harrisons' application for a permit to work within the State Highway right-of-way to construct the proposed access road for the quarry until January 3, 2017. According to Mr. Mraz, it was not until all these documents were available that it became apparent that the steep slope and setback issues had been overlooked during the review process and that compliance with the zoning requirements on those issues was in question.

The Court does not find Mr. Mraz's arguments to be proper justification for the late motion to amend his statement of questions. The ZBA expressly stated in its Findings of Fact ¶ 6 dated April 25, 2016 that "[t]he southern two thirds of the lot, below the stream and two ponds, is forested with some steep slopes in excess of 25%." Additionally, the Applicants' site plans, which were used during the review process below, provide enough information in topographical markings to indicate the Project area includes steep slopes.

As to the matter of setbacks, the site plans clearly show the proximity of the Project to the Mraz property line, along with a horizontal scale in feet to more precisely determine the distance. See id., C-1 and C-8. Even a cursory examination reveals that the slope cut necessary to build the access road abuts the Mraz property, and the road itself comes within 20 feet of the property line. See id.

Mr. Mraz shared these plans with Attorney Montroll at their initial meeting in advance of filing the Notice of Appeal. See Applicants Ex. I, C-1, C-6, and C-9. According to the Harrisons' engineer, these plans were created in 2012, have not been modified, and are the same plans that were provided to Mr. Mraz and the public during the Town's permit review process and have

been offered into evidence before the Court.  The expert reports provided to Attorney Montroll on January 10, 2017 provided no new information.

Furthermore, the Appellant should not rely on the Applicants or the municipal panel to identify potential issues for appeal to this Court.  While the Applicants bear the burden of proof to show they are entitled to the conditional use permit, they are under no obligation to highlight their potential vulnerabilities to an opposing party.  Oversights by the ZBA and Planning Commission also do not excuse the Appellant's failure to raise questions about steep slopes and setbacks earlier in the process.  As a court of *de novo* review, this Court may cure errors committed by a lower adjudicative body, see In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶ 12, 190 Vt. 259, but it is the parties' responsibility to bring those errors to the Court's attention.

While the Court grants some leniency from the 20-day deadline for filing a Statement of Questions, this case presents no justification for doing so.  Based on Attorney Montroll's testimony at the motion hearing, the Court finds that no new information was provided to the Appellant in January 2017.  The Appellant had all the information he needed in his possession seven months earlier to identify steep slopes and setbacks as appealable issues.  The late hour amendment constitutes undue delay.  As a result, allowing the new questions would prejudice the Harrisons' case because they were not provided sufficient notice to either prepare legal arguments or modify their proposal accordingly.

Therefore, the Court **GRANTS** the Applicants' Motion to Reconsider; **REVERSES** its previous decision to grant the Appellant's Motion to Amend the Statement of Questions; and **DENIES** the Appellant's Motion to Amend.

During the hearing on the motion to reconsider, the parties stipulated to the need to admit the Town Plan into evidence.  The Court, therefore, reopens the evidence for the sole purpose of admitting the Town of Georgia's Town Plan.  The Town is ordered to file a complete copy with the Court by April 28, 2017.

Also, at the conclusion of the hearing on the motion to reconsider, the parties stipulated to the filing of supplemental post-trial briefs.  On or before Friday, May 12, 2017, parties may file supplemental briefs based on this decision.  Parties may file reply briefs on or before Friday, May 26, 2017.

So ordered.

Electronically signed on April 18, 2017 at 09:18 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Andrew H. Montroll (ERN 5290), Attorney for Appellant William A. Mraz
Christopher D. Roy (ERN 1352), Attorney for Appellee James Harrison
Christopher D. Roy (ERN 1352), Attorney for Appellee Janet Harrison
Joseph S. McLean (ERN 2100), Attorney for Interested Person Town of Georgia
Interested Person Sandra C. Read